MADDEN, Respondent, vs. KINNEY and others, Appellants.

*April 27—May 13, 1902.*

*Appeal: Insufficient return.*

Unless it appears by the certificate of the clerk that the return on appeal from an order of the court contains the papers used by each party on the application therefor, as provided by sec. 3050, Stats. 1898, the appeal will be dismissed.

APPEAL from an order of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Appeal dismissed.*

.For the appellants there was a brief by *J. M. Gooding,* attorney, and *D. D. Sutherland,* of counsel, and oral argument by *Mr. Sutherland.*

*Edward S. Bragg,* for the respondent.

WINSLOW, J.   This is an appeal from an order refusing to dissolve a preliminary injunctional order, and continuing the same in force until the further order of the court.   The action was in equity, and was brought by the plaintiff, as a taxpayer and father of three children attending the public schools of Fond du Lac, against the members of the board of education and the superintendent of schools of said city, for the purpose of declaring void an order of the board changing certain text-books in said schools, and enjoining the carrying out of said order on the ground that the action of the board was fraudulent and illegal for reasons stated at length in the complaint. The action was brought by the plaintiff on his own behalf and on behalf of all others similarly situated.   Upon the verified complaint, an order to show cause was granted why an injunctional order *pendente lite* should not be made, and in the meantime a temporary restraining order was made.   The defendants appeared, and upon affidavits moved to dissolve the temporary restraining order.   Both motions were heard at the same time, and the plaintiff at the hearing produced affidavits in reply to the affidavits of the defendants.   After hearing the motion, the order appealed from was made, the order reciting that the motions were heard together "upon the bill of complaint and upon the affidavits read on behalf of the defendants and upon behalf of the complainant."

In response to the appeal two bundles of papers have been returned to this court, both certified by the clerk to contain the original and all the papers in the action which have been filed in his office.   There is no certificate by the clerk that the "papers used by each party on the application" for the order appealed from are contained in either return.   Sec. 3050, Stats. 1898.   Thus we are unable to determine, either from the recitals in the order or from the clerk's certificate, that we have before us all of the papers which were used upon the motions and upon which the order was based.   In such a

situation the rule is well established that the appeal must be dismissed. *Ryan v. Philippi,* 108 Wis. 254, 83 N. W. 1103, and cases cited.

 *By the Court.*—Appeal dismissed.