MILWAUKEE TRUST COMPANY and another, Respondents, vs. SHERWIN and another, Interveners, Appellants.

*January 14—April 19, 1904.*

*Appeal: Orders: Insufficient return: Corrections, when permitted.*

1. On appeal from an order reciting that it was based on affidavits of numerous persons the return of the clerk merely certified that the papers returned were "all the papers filed" in the action. *Held*, that this was insufficient, under sec. 3050, Stats. 1898, to give the supreme court jurisdiction, and the appeal must be dismissed.

2. While the supreme court has power to permit necessary corrections in the appellate procedure after notice of appeal duly given, although the record filed is not such as to give it jurisdiction to decide the merits, and while it will pursue a general policy of liberality in that regard, yet such corrections will be permitted only in furtherance of justice, considering the effect on both parties, and when the mistakes or omissions to be corrected are excusable.

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Dismissed.*

Appeal by *Sherwin* and another, holders of bonds secured by the foreclosed mortgage, from an order confirming a foreclosure sale and denying appellants' motion to order a resale.

For the appellants there was a brief by *McCabe & Dahlman,* and oral argument by *A. L. Dahlman.*

For respondent *Mariner* there was a brief by *Ryan, Merton & Newbury,* and oral argument by *E. Merton.*

*George P. Miller,* for the *Milwaukee Trust Company.*

The following opinion was filed February 2, 1904:

DODGE, J.   The order appealed from recites that it is based on the affidavit of Richard C. Sherwin and on affidavits of Camp, *Mariner,* and Van Dyke in reply, and on "affidavit of numerous persons" as to value.   The return of the clerk merely certifies that the mass of papers returned are "all the papers filed in the above-entitled action."   In neither nor both of these assertions is there anything to identify any of the papers as the ones used upon the application for the order, nor to declare that the entire bundle includes all those so used.   This is necessary to our jurisdiction, under sec. 3050, Stats. 1898.   In its absence the appeal must be dismissed. *Glover v. Wells & M. G. Co.* 93 Wis. 13, 15, 66 N. W. 799; *Tenney v. Madison,* 99 Wis. 539, 75 N. W. 979; *Madden v. Kinney,* 114 Wis. 528, 90 N. W. 449.

*By the Court.*—Appeal dismissed.

The appellants moved for a rehearing, and the following opinion was filed April 19, 1904:

DODGE, J.   Appellants move for a rehearing and modification of the mandate so as to permit them to correct their omission and file a properly certified record complying with sec. 3050, Stats. 1898.   That we have power to permit necessary

corrections in the appellate procedure after notice of appeal duly given, although the record filed is not such as to give us jurisdiction to decide the merits, we have no doubt. Sec. 3068, Stats. 1898; *Tyson v. Tyson,* 94 Wis. 225, 68 N. W. 1015; *Johnston v. N. W. L. S. Ins. Co.* 107 Wis. 337, 83 N. W. 641. A general policy of liberality in relieving from mistakes and omissions is undoubtedly indicated by such statutes as secs. 2829, 2830, 3068, Stats. 1898, but only in furtherance of justice, considering the effect on both parties, and when such mistakes are excusable. The court should not extend favors to those who negligently and without cause consume the time and labor which it owes to other duties, nor if the mistake or omission or the rectification thereof be substantially prejudicial to the other party. At a time not very remote, when the accumulated business of this court was such that serious delays to litigants were threatened, it became imperative that its attention should be refused to those who failed to bring their causes before it, in accordance with law and rules, in such form that easy and certain apprehension of merits was possible, in order that its utmost exertions might be devoted to litigants not so in fault. To this end it was found necessary to apply with considerable strictness the penalty of dismissal or other drastic rejection of hearing upon merits to cases brought here in noncompliance with sec. 3050 and Rule VII½. Thanks to the diligence and vigor of the members of this court (before the writer became such), the accumulated arrearage was cleared off, and we may now confidently hope that no recurrence thereof is imminent. As it has become possible, we have attempted to relax the former strictness in the presence of mere curable defects in procedure in cases where it appeared reasonably probable that there were merits in favor of the party in default, and to pursue a policy of effort to reach the merits of each case notwithstanding imperfections in the appellate procedure, provided such imperfections were excusable and could be reme-

died without injury to the rights of the innocent party. This has been done without any special declaration of change of policy, and perhaps, in cases like this, where the only decision announced has been that of dismissal, parties have assumed that our examination had been limited to the grounds for such action.

In deciding the present case originally, we did not stop with mere ascertainment of the absence of any sufficient certificate to give jurisdiction. We examined all the papers sent here, and were convinced that, even if properly certified to have been used upon the motion, there was no probability that we should be able to reverse the conclusions of fact deduced therefrom by the trial court, or convict it of abuse of discretion. Hence it appeared to us that there would be nothing promotive of justice in permitting appellants to attempt to show excuse for the mistake in the certification, while injury and expense to respondent must obviously result from any such attempt and the resulting delay of finality in the order appealed from. We find nothing in appellants' motion to change that conclusion.

While we purpose continuance of a general policy of liberality, as above indicated, of course we must not be understood as inviting laxity in practice. An offender against statutes or rules governing procedure will be spared the extreme penalty of the disobedience only upon terms which will protect his innocent opponent as far as possible from delay, expense, or injury, and which will, we hope, discourage further offenses.

*By the Court.*—Motion for rehearing denied, with twenty-five dollars costs.