IN RE GUARDIANSHIP OF MOYER and another: MOYER and another, Minors, Appellants, vs. MOYER, Guardian, Respondent.

*April 29—June 2, 1936.*

For the appellants there was a brief by *F. V. McManamy* of Eau Claire, attorney for Donald Delbert Moyer, and *Wm. E. Thurston* of Durand, guardian *ad litem* for Regina Marie Moyer, and oral argument by *J. J. McManamy* of Madison.

For the respondent the cause was submitted on the brief of *White & White* of River Falls and *E. S. Pattison* of Durand.

FRITZ, J.   Because of the fact that the population of Pepin county is less than fifteen thousand, secs. 324.01 to 324.03, Stats., are applicable to appeals from the county court of

that county, and under those statutes such appeals when taken are to the circuit court for that county. Under those statutes a person aggrieved by a county court order or judgment may appeal therefrom to the circuit court, "by filing a notice thereof with said county court within sixty days from the date of the act appealed from" (sec. 324.01, Stats. 1933); and such appellant (unless acting in a representative capacity) "shall, before his appeal shall be effectual, file with the county court a bond in such sum and with such surety as the judge thereof shall approve" (sec. 324.02, Stats. 1933). Then, as is prescribed by sec. 324.03 (1), Stats. 1933, "the appellant shall give notice of the appeal to the adverse party, in such manner as the county court shall direct within ten days after taking the same." And thereupon, as is further prescribed by that first subsection of sec. 324.03, Stats. 1933, "the county judge shall, within twenty days after the appeal is perfected, file in the circuit court the record and proceedings appealed from, together with the notice of appeal and bond and proof of service of notice of appeal on the adverse party." Upon the filing of those matters in the circuit court, the following provision in sub. (2) of sec. 324.03, Stats. 1933, directs that the appeal is to be brought on for trial and tried in the circuit court, to wit: "When such record, notice of appeal, bond and proof of service are filed in the circuit court the appeal may be brought to trial and tried in the same manner as actions originally brought there. . . ." Those provisions, in so far as they prescribe the things to be done by an appellant in order to perfect his appeal, were duly complied with by the appellants. Within the permissible sixty-day period they duly filed their notice of appeal and a proper appeal bond with the county court, and obtained the approval thereof, including the sureties, by the county judge; and within the prescribed ten days after thus taking their appeal, they had that court direct the manner of giving notice thereof to the adverse party, and had caused the sheriff to duly give

that notice in the manner directed by making proper service on the guardian's attorneys. The county court's order of August 11, 1933, directing the manner of giving notice of the appeal to the adverse party, was proper and sufficient. *In re Guardianship of Welch*, 108 Wis. 387, 391, 84 N. W. 550. The steps and proceedings taken on behalf of the appellants including that service of the notice of appeal on August 11, 1933, duly perfected their appeal, and the circuit court had jurisdiction by virtue of the appeal thus taken. *Hanley v. Kraftczyk*, 119 Wis. 352, 357, 96 N. W. 820. There remained at that stage of the proceedings, in order that the appeal could be brought on for trial in the circuit court, merely the ministerial acts which sec. 324.03 (1), Stats. 1933, required the county judge to perform "within twenty days after the appeal is perfected" by his filing "in the circuit court the record and proceedings appealed from, together with the notice of appeal and bond and proof of service of notice of appeal on the adverse party."

The only defect in the procedure in relation to the appeal arose by reason of the omission by the sheriff to make and file his return as to the service which he had duly made of the notice of appeal, and by reason of the consequent omission by the county judge to include proof of that service in the record which he was required to file in the circuit court. Neither of those omissions misled or operated prejudicially to the respondent in any respect. They were merely in the nature of clerical errors which readily admitted of corrections that could and should have been authorized by the circuit court when the guardian first moved to strike the cause from the May, 1934, calendar solely because of those omissions. As it was quite apparent that the appeal was taken by the appellants in good faith, and that the omissions were not due to any negligence or default on their part, the circuit court, upon the hearing of the respondent's motion to strike

the appeal, should have proceeded under the provision in sec. 269.51 (1), Stats. 1933, that "in case it shall appear upon the hearing of such motion that such appeal was attempted to be taken in good faith the court shall have power in its discretion to allow any defect or omission in the notice, undertaking, or other appeal papers to be supplied, either with or without terms, and with the same effect as if the' appeal had been originally properly taken." That provision is similar in scope and effect to the provision in sec. 274.32, Stats., relating likewise to the correction of omissions or errors made through mistake or accident in doing any other act necessary to perfect an appeal or make it effectual when a party shall in good faith give notice of an appeal to the supreme court. Both of those sections, as well as secs. 269.43 to 269.45, Stats., indicate a general and wholesome policy of liberality in relieving from mistakes and omissions in furtherance of justice when they are excusable and have not misled or otherwise operated prejudicially to an adverse party. *Milwaukee Trust Co. v. Sherwin*, 121 Wis. 468, 98 N. W. 223, 99 N. W. 229.

However, in the case at bar, the appellants, instead of being allowed by an order of the circuit court to supply the omitted proof of service, were left to apply for such relief to the county court. They promptly undertook to do that by making an application under sec. 324.05, Stats. 1933, which authorizes that court to allow an appeal to be taken within one year after the act complained of, if the person aggrieved has from any cause without fault on his part omitted to take his appeal within the time allowed and if justice appears to require it. And upon their application, the county court, on June 12, 1934, which was within one year of the June 13, 1933, the date of the judgment appealed from, entered its order permitting the proof of service of the notice of appeal and the order directing its service to be filed in the county

court and certified by that court to the circuit court on June 12, 1934. In accordance with that order, those documents were duly filed in the county court and certified to the circuit court, and became part of the record herein that was before the circuit court when it finally entered its order of October 4, 1935, from which the appeal to this court was taken. As that order was apparently made without taking into consideration that court's powers and duty under the provisions of sec. 269.51 (1), Stats. 1933, which are quoted above, and it therefore appears probable that the real controversy has not been fully tried and that justice has miscarried, it seems necessary, in the exercise of the discretionary power of this court recognized in sec. 251.09, Stats., to reverse the circuit court's order and remit the cause to that court for further proceedings in accordance with this opinion.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with the opinion.