ESTATE OF BOBO: BOBO, by Guardian *ad litem,* and another, Appellants, vs. KENOSHA NATIONAL BANK, Administrator, Respondent.

*March 6—April 9, 1957.*

454

For the appellants there was a brief by *Kellstedt & Young* of Peoria, Illinois, attorneys, and *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha of counsel, and oral argument by *William A. Sheldon.*

For the respondent there was a brief by *Julius Grotsky,* attorney, and *Vaudreuil & Vaudreuil* of counsel, all of Kenosha, and oral argument by *Mr. Grotsky.*

FAIRCHILD, J. The first question is whether the appeal from the order of October 6, 1955, must be dismissed. It was late, and although appellants applied for an extension of time, no extension was secured. This court has concluded that when a respondent does not move for dismissal of a late appeal but participates in it, sec. 269.51, Stats., vests jurisdiction here, notwithstanding the tardiness. *Guardianship of Barnes,* ante, p. 356, 82 N. W. (2d) 211. Respondent has participated in this appeal without first moving to dismiss.

Appellants argue that the county court should have vacated the proceeding for lack of jurisdiction. They assert that the petition for administration was fatally defective because not made by the widow or heir. The petition did, however, assert the fundamental jurisdictional facts of death and residence. *Estate of Sargent,* 62 Wis. 130, 135, 22

N. W. 131. Even if made by one who was not entitled to administration, the appointment would be revocable, but the proceeding would not be void. *Estate of Eannelli,* 274 Wis. 193, 80 N. W. (2d) 240; *Steinberg v. Saltzman,* 130 Wis. 419, 426, 110 N. W. 198. In any event, the petition here shows upon its face that it was made by the general guardians of the sole minor heir, and a minor may appear by general guardian of property. Sec. 324.29, Stats.

Appellants also challenge jurisdiction because no notice of the hearing on the petition was mailed to Shelby Jean or her mother. We do not deem that a petitioner is entitled to notice of a hearing upon her petition and Shelby Jean, by guardian, was the petitioner. Her mother was not an interested person.

Appellants also point out that Guardian *ad litem* Kennedy did not appear at the hearing on April 19, 1955, and it does not affirmatively appear that he had notice. This lack of notice did not render the entire proceeding void, whatever effect it may have had upon the validity of the choice of administrators who were appointed. Those administrators have resigned and a successor has been appointed.

The county court correctly declined to vacate the proceeding, and the order of October 6th should be affirmed.

Appellants assert that the bank must employ the attorneys designated by Mrs. Barton. Sec. 310.25, Stats., applies whenever a firm or corporation is named administrator. It permits the beneficiary who is nearest of kin to name the attorney who shall represent the estate in all proceedings "unless good cause be shown before the court why this should not be done." It provides that where the next of kin is an infant, the natural guardian shall act in behalf of the infant.

We conclude that the record supports the recital in the order of June 27, 1956, that "good cause" had been shown.

Mr. Grotsky had been attorney for deceased. He had been attorney for the Fennels during the five months they were administrators and for the bank ever since. Mrs. Barton wanted to assert a claim against the estate and to obtain an allowance from the guardianship for support of Shelby Jean, notwithstanding the allowance received from social security. She had requested her attorneys to file a claim and seek such allowance. Her attorneys were the same she asked the bank to employ. There appears to be a conflict of interest between Mrs. Barton and the estate and Shelby Jean and it appears that the attorneys she selected now owe a duty to her which might well conflict with the duty they would owe the administrator. Judge DAVIS' decision suggests that it appeared that the change of attorneys was being requested because of the "feelings of the divorced wife."

There has been no motion to dismiss this appeal nor any challenge here of Mr. Sheldon's authority to act on the ground that he was appointed guardian *ad litem* in August, 1955, without notice to a guardian *ad litem* previously appointed. Such challenge has been made in the county court, but not disposed of. For the purpose of this appeal we have treated Mr. Sheldon as guardian *ad litem*, but make no determination which would foreclose further consideration of his status by the county court.

*By the Court.*—Orders affirmed.