Monahan, Appellant, v. Department of Taxation, Respondent.*

*November 29—December 20, 1963.*

* Motion for rehearing denied, without costs, on March 3, 1964.

For the appellant there was a brief and oral argument by *Patrick T. Sheedy* of Milwaukee.

For the respondent the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, and *Harold H. Persons,* assistant attorney general.

CURRIE, J.  The proceeding in circuit court was instituted by taxpayer under ch. 227, Stats., the Wisconsin Administrative Procedure Act. Sec. 227.16 (1) of that act requires that within thirty days after service of the agency decision, from which review is sought, the petition for review shall be served upon the agency and filed with the clerk of the circuit court, and that a copy of the petition shall also be served personally or by registered mail, not later than thirty days after the commencement of the proceeding, upon all parties who appeared before the agency in which the order sought to be reviewed was made.

The department had appeared in the proceeding before the board in which the board had entered its decision and order of May 3, 1962, and with respect to which the taxpayer sought circuit court review. Therefore, unless the department was served with a copy of the petition for review within the required thirty-day period, the circuit court would be without jurisdiction to conduct the review proceeding. *Gough v. Industrial Comm.* (1917), 165 Wis. 632, 636, 162 N. W. 434. It is conceded that no copy of the petition for review was served on the department either personally or by registered mail within the prescribed thirty-day period. However, the taxpayer contends that by reason of the admission of

service executed by C. L. Finch, the department should be estopped to question the validity of such admission of service.

We deem it would serve no useful purpose to fully discuss the principles as to when estoppel will, or will not, be invoked against a state, or an agency or subdivision thereof.[1] Generally the right to assert estoppel *in pais* does not arise unless the party asserting it has acted with due diligence. *Thorp Finance Corp. v. LeMire* (1953), 264 Wis. 220, 228, 58 N. W. (2d) 641; *Wussow v. Badger State Bank* (1931), 204 Wis. 467, 474, 234 N. W. 720, 236 N. W. 687; 19 Am. Jur., Estoppel, pp. 741, 742, sec. 86.

The board and the department are entirely separate agencies. Sec. 73.01, Stats., and *Kaukauna v. Department of Taxation* (1947), 250 Wis. 196, 200, 26 N. W. (2d) 637. It necessarily follows that no member or employee of the board would have any authority to admit service on behalf of the department. The taxpayer was represented by counsel throughout the review proceeding. The instant admission of service disclosed on its face that it had been executed in behalf of the department by someone who did not have legal authority to act in that capacity. Therefore, when the admission-of-service form was returned to counsel for the taxpayer, he, in the exercise of due diligence, should have investigated the pertinent law with respect to same. We consider apposite this statement appearing in 19 Am. Jur., Estoppel, p. 742, sec. 86:

[1] For cases in which this problem has been considered, see *State v. Chippewa Cable Co.* (1963), 21 Wis. (2d) 598, 124 N. W. (2d) 616; *Schober v. Milwaukee* (1963), 18 Wis. (2d) 591, 596, 597, 119 N. W. (2d) 316 (concurring opinion); *Lang v. Cumberland* (1962), 18 Wis. (2d) 157, 118 N. W. (2d) 114; *Jefferson v. Eiffler* (1962), 16 Wis. (2d) 123, 113 N. W. (2d) 834; *Park Bldg. Corp. v. Industrial Comm.* (1960), 9 Wis. (2d) 78, 100 N. W. (2d) 571; *Galewski v. Noe* (1954), 266 Wis. 7, 62 N. W. (2d) 703; *Libby, McNeill & Libby v. Department of Taxation* (1952), 260 Wis. 551, 51 N. W. (2d) 796.

"Ordinarily, the courts refuse to give effect to an estoppel where the parties were equally well informed as to the essential facts or where the means of knowledge were equally open to them."

See also *Citizens State Bank v. Travelers Indemnity Co.* (1959), 7 Wis. (2d) 451, 457, 96 N. W. (2d) 834, wherein it was held that there is no estoppel *in pais* if the party seeking to invoke it was aware of facts which made it its duty to inquire into the matter. There may be situations where the party, against whom an estoppel *in pais* is asserted, has been guilty of an intentional wrongful act which has misled the injured party. In such a situation it might well be inequitable to permit the wrongdoer to escape the consequences of the doctrine of estoppel *in pais* on the ground that the injured party did not exercise diligence to discover the true facts. However, this is not the situation here because there is nothing in the record before us to even suggest that the chairman of the board, in executing the admission of service, acted from an improper motive.

In addition to estoppel, the taxpayer places reliance upon secs. 269.51 (1) and 251.09, Stats.

Sec. 269.51 (1), Stats., provides in part, "If it shall appear upon the hearing of such motion [to dismiss the appeal] that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken." However, where a statute requires that service of a notice of appeal be made within a certain specified time and this has not been done, the above-quoted provision of sec. 269.51 (1) cannot be resorted to for the purpose of curing the defect. This is because the service of the notice within the required time is a prerequisite to the appellate court's obtaining jurisdiction to act in the absence of some other

statutory provision conferring such jurisdiction. *Estate of Pitcher* (1942), 240 Wis. 356, 361, 2 N. W. (2d) 729. Sec. 269.51 (1) does provide for conferring jurisdiction on the appellate court where the party objecting to the irregularity in the taking of the appeal has participated in the proceedings in the appellate court in any manner except to move to dismiss the appeal.[2] Such participation is sufficient to vest jurisdiction where the notice of appeal was served late. *Estate of Bobo* (1957), 275 Wis. 452, 456, 82 N. W. (2d) 328. Sec. 274.11 (4), enacted in 1959, now confers jurisdiction on this court, from the time of the entry of an appealable order or judgment, but this statute has no application to the jurisdiction of the circuit court in the instant proceeding.

Sec. 269.51 (1), Stats., if its express language is to be followed, applies to appeals, not judicial review of administrative decisions. However, even if the word "appeal" as used therein were to be interpreted as embracing administrative agency review proceedings, the circuit court here never obtained jurisdiction under the holding in *Estate of Pitcher*, *supra*. The attorney general representing the department did not participate in the circuit court proceeding except to move for dismissal.

The taxpayer relies on *Guardianship of Moyer* (1936), 221 Wis. 610, 267 N. W. 280. That case is not in point because there the circuit court did acquire jurisdiction over the appeal from county court by reason of the timely service of a notice of appeal. The defect which this court there permitted to be corrected under sec. 269.51 (1), Stats., was

---

[2] The portion of sec. 269.51 (1), which so provides, reads: "When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or participating in any other proceedings in said appellate court."

the failure of the sheriff, who had served the notice of appeal, to make and file his return of service.

Lastly, the taxpayer requests that this court invoke its discretionary power under sec. 251.09, Stats., and reverse the circuit court's order of dismissal in the interest of justice. Sec. 251.09, however, presupposes that the court below had jurisdiction. See *Graff v. Roop* (1959), 7 Wis. (2d) 603, 606, 97 N. W. (2d) 393. This court cannot employ this statute to confer jurisdiction where it does not already exist.

*By the Court.*—Order affirmed.

Gordon and Wilkie, JJ., dissent.