437 P.2d 888

**WALKER CENTER CORPORATION,**
a Utah corporation, Plaintiff,

**v.**

**STATE TAX COMMISSION of Utah,**
**Defendant,**
Ben Lomond Enterprises, Amicus Curiae.
**No. 10847.**

Supreme Court of Utah.
Feb. 1, 1968.

H. R. Waldo, Jr., and J. Wendell Bayles, of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., M. Reed Hunter, Asst. Atty. Gen., Salt Lake City, for defendant.

TUCKETT, Justice:

This matter is now before the court for a review of the decision of the State Tax Commission assessing corporate franchise taxes against the plaintiff for the year 1966.

The Walker Center Corporation, plaintiff, was incorporated under the laws of Utah on March 27, 1959. The corporation after that date filed all corporation franchise tax returns and paid all taxes due the State of Utah. It did not file a corporation franchise tax return for 1966 and after a decision by the Commission that the corporation did in fact owe the taxes for the year 1966 the matter came before the court for a review.

From the time of its incorporation through the year 1965 the plaintiff corporation incurred substantial operating losses. In March of 1965 the corporation sold all of its assets which resulted in the taxable gain in that year.

On December 21, 1965, the Walker Center Corporation delivered to the Secretary of State its statement of intent to dissolve by written consent of the stockholders. On December 23, 1965, the Secretary of State notified the Utah State Tax Commission of his receipt of the corporation's statement of intent to dissolve. On December 27, 1965, the State Tax Commission sent a letter addressed to the corporation which letter contained an information return to be filed by the corporation with the Tax Commission. The letter contained the following information:

Upon receipt of this completed form, we shall start our investigation as to tax liabilities, and either issue a tax clearance certificate or advise you, as soon as possible, of any delinquencies or deficiencies which must be satisfied.

If dissolution proceedings are not completed prior to December 31, 1965, it will be necessary for you to file a corporation franchise tax return for the period then ended and pay the tax shown to be due thereon before we can issue a clearance.

The corporation's information return was received by the Commission on January 3, 1966. The Tax Commission's audit of the plaintiff was completed after January 1, 1966, wherein it was disclosed that the plaintiff corporation owed a use tax in the sum of $40.10. The plaintiff corporation

did not notify the Tax Commission that it desired a clearance before the end of the year.

In other instances of year-end dissolutions the Commission had permitted corporations to file an undertaking or a cash deposit with the Commission to insure the payment of any delinquent taxes and then issue a clearance before an audit of tax liability had been made by the Commission. It does not appear that this procedure for speedy clearance was provided by the Commission's regulations and the Commission did not inform the Walker Center Corporation of the procedure.

The plaintiff corporation now claims that the decision of the Tax Commission is in violation of the due process clauses of both the Federal and State Constitutions; secondly, the decision is contrary to the statute law of the State of Utah; and thirdly, that the Commission should be estopped from assessing or collecting the tax in question.

As to the first claimed error the plaintiff claims that it was not afforded equal protection of the laws by the failure of the Tax Commission to announce by regulation or otherwise of the Commission's policy and practice in granting tax clearances upon the filing of an undertaking and thus permitting year-end dissolution proceedings

before audit and thus avoid an additional year's corporate franchise tax.

In dealing with this claim of Walker Center Corporation it should be noted that the Utah corporate franchise tax is not an income tax but is a prepaid tax imposed on every corporation for the privilege of exercising its corporate franchise or for the privilege of doing business in the State of Utah.[1] The amount of the tax is based upon the previous year's net income or upon the fair value of the tangible property of the corporation within the State, whichever is greater. Since the tax is paid at the beginning of a calendar or fiscal year for the privilege of doing business in the State during the ensuing period it matters not to what extent the franchise is exercised, whether great or little. The degree to which the franchise is exercised has no tax consequences. The plaintiff contends that its filing of the statement of intent to dissolve should have the effect of a dissolution or a constructive termination of the corporation's right to do business. However, the legislature has seen fit to prescribe the manner and the steps for dissolution of corporations.[2] It will be noted that the filing of a statement of intent to dissolve on behalf of a corporation is only a first step in the process of complete dissolution. It must also be noted that a cor-

1. J. M. & M. S. Browning Co. v. State Tax Commission, 107 Utah 457, 154 P.2d 993.

2. Chapter 10, Title 16, U.C.A.1953.

poration might revoke its statement of intent to dissolve and thereafter recommence exercising its corporate privileges.[3]

■ With respect to Walker's claim that its constitutional rights have been violated by failure of the Commission to notify it that a speedy tax clearance could have been obtained by the furnishing of an undertaking, it is observed that the record does not indicate that plaintiff made inquiry of the Commission as to any such procedure. The burden of securing such information should be upon the one seeking dissolution. The record does not show nor does the plaintiff contend that it requested a speedy tax clearance and that its request was denied by the Commission. It appears that the plaintiff's claim that it was denied due process of law is not supported by the record or the cases cited by it.

■ As to the plaintiff's second claim of error, the corporate franchise tax being a tax upon the right or privilege of doing business in the State the record shows without contradiction that since Walker retained its privilege or franchise to do business within the State during the first part of the year 1966 it became liable for the payment of such tax.

■ The plaintiff's final claim urges that the court should apply the principle of equitable estoppel to avoid the Commis-

sion's assessment of a tax which amounts to a manifest injustice. It is quite apparent that the record before us does not support an application of the doctrine.[4] It appears that the dilemma which the plaintiff finds itself in arose for the most part from its lack of diligence in pursuing the dissolution procedures which are in fact controlled by statute. It must again be noted that Walker filed its intent to dissolve with the Secretary of State on December 1, 1965, that it did not in fact notify the Tax Commission of its necessity for a tax clearance and did not in fact furnish the Commission with its information return until it was too late to permit the Commission to make its audit and issue a clearance prior to the end of the year. The record indicates as noted above that Walker did in fact owe use taxes to the State of Utah which it paid on February 10, 1966. The record does not indicate that the Commission misled the plaintiff in any manner nor does the record show that the plaintiff requested information which was withheld by the Commission.

The decision of the Tax Commission is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER and ELLETT, JJ., concur.

HENRIOD, J., does not participate herein.

---

3. 16–10–83, 84, 85 and 86, U.C.A.1953.

4. Monahan v. Wisconsin Dept. of Taxation, 22 Wis.2d 164, 125 N.W.2d 331; Foellmi v. Smith, 15 Wis.2d 274, 287, 112 N.W.2d 712.