BRACHTL, Appellant, v. DEPARTMENT OF REVENUE, Respondent.

*No. 175. Argued September 10, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 921.)

For the appellant there was a brief by *William Bradford Smith* and *Lillian F. Schultz,* both of Madison, and oral argument by *Mr. Smith.*

For the respondent the cause was argued by *Allan P. Hubbard,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HEFFERNAN, J.  The taxpayer's (appellant's) position is a simple one.  He concludes that sec. 227.16 (1), Stats., which sets forth the procedural requirements for an appeal or review of a decision and order of the Wisconsin Tax Appeals Commission does not require that

there be a service of the petition for review on the Tax Appeals Commission in addition to the service on the State Department of Revenue.

Sec. 227.16 (1), Stats., in its pertinent parts reads as follows:

". . . Proceedings for review shall be instituted by serving a petition therefor . . . *upon the agency* . . . and by filing such petition in the office of the clerk of the circuit court for Dane county . . . all within 30 days after the service of the decision of the agency upon all parties . . . . The petition shall be entitled in the name of the person serving the same as petitioner and the name of the agency whose decision is sought to be reviewed as respondent, except that in petitions for review of decisions of the board of tax appeals . . . the department of taxation . . . shall be the named respondent. Copies of the petition shall be served . . . not later than 30 days after the institution of the proceeding, upon all parties who appeared before the agency in the proceeding in which the order sought to be reviewed was made; and for the purpose of such service the agency upon request shall certify to the petitioner the names and addresses of all such parties as disclosed by its records, which certification shall be conclusive. The agency (except in the case of the board of tax appeals . . .) . . . shall have the right to participate in the proceedings for review. . . ." (Emphasis supplied.)

It should be noted that subsequent to the enactment of sec. 227.16 (1), Stats., the Board of Tax Appeals referred to therein was renamed Wisconsin Tax Appeals Commission, and the Department of Taxation has been renamed Wisconsin Department of Revenue.

The statute involved is complex and if read in a cursory fashion could be confusing. We are satisfied, however, that its provisions are clear and that the requirement that the Wisconsin Tax Appeals Commission be served is explicitly set forth in the statute. The section quoted clearly states that the review proceeding must be instituted by service upon the agency "within 30 days after the service of the decision of the agency

upon all parties." It is undisputed that the Wisconsin Tax Appeals Commission was the tribunal which made the decision. It is, by this language, made the necessary party to be served as a part of the review procedure. The section also provides that the "agency whose decision is sought to be reviewed" should be designated the respondent except in the case of the Board of Tax Appeals (now Tax Appeals Commission), where the department shall be named the respondent. It is again apparent that the word, "agency," in this section therefore refers to the Tax Appeals Commission and not the Department of Revenue.

The section also provides that "The agency (except in the case of the board of tax appeals . . .) . . . shall have the right to participate in the proceedings for review. . . ." It is therefore clear that, where elsewhere referred to in the section, the Board of Tax Appeals was the "agency." If that were not so, the legislature would not have found it necessary to provide this exception disallowing the agency, the Tax Appeals Commission, from the right to participate in the proceedings.

The statute is unambiguous, and we are satisfied that the plain meaning of the statute requires service upon the Tax Appeals Commission. This inexorably leads to the conclusion that this omission deprived the circuit court of jurisdiction to review the findings and order of the Tax Appeals Commission.

The right of appeal from a statutory administrative tribunal is dependent upon strict compliance with the statutes. 2 Am. Jur. 2d, *Administrative Law*, p. 618, sec. 716; *Monahan v. Department of Taxation* (1963), 22 Wis. 2d 164, 125 N. W. 2d 331.

The appellant herein, however, concludes that in this particular case such holding is contrary to the spirit of ch. 227, Stats., the Wisconsin Administrative Procedure Act, whose purpose is discussed in a law review article by Ralph M. Hoyt, one of the principal authors of the

Wisconsin Administrative Procedure Act. Hoyt states that the purpose and the policy of ch. 227 is to:

". . . afford the appellant every opportunity to get into court and secure a reversal upon any ground that the statute may countenance, so long as he apprises his adversaries of the nature of his grievance at least by the time the appeal comes on for hearing." Hoyt, *Wisconsin Administrative Procedure Act*, 1944 Wisconsin L. Rev. 214, 232.

In accordance with this principle, with which we do not take issue, he contends that the service on the Tax Appeals Commission, even should we hold that it is the "agency" referred to in the statute, is a mere formality and does not go to the merits. We conclude, however, that the service upon the Tax Appeals Commission performs a significant and indispensable role in triggering the process of judicial review. It is the service of this petition which initiates the authority of the Tax Appeals Commission to transfer its record to the reviewing court. This is obviously a prerequisite for orderly judicial administration. The statutory requirements to perfect an appeal to this court are similar in nature and serve the same purpose. Sec. 274.11 (1), Stats., requires the filing of a notice of appeal with the clerk of the trial court.

We pointed out in *Bublitz v. Matulis* (1967), 34 Wis. 2d 23, 148 N. W. 2d 64, that the failure to file the notice with the clerk of the trial court within the statutory period deprives the supreme court of jurisdiction. We conclude that the same policy is applicable here and that the jurisdiction of the circuit court to review an order of the Tax Appeals Commission is not invoked unless that tribunal which rendered the decision has been served.

Additionally, the taxpayer relies upon sec. 73.015 (2), Stats., which in pertinent part provides:

". . . If the circuit court construes a statute adversely to the contention of the department of taxation, the department shall be deemed to acquiesce in the construc-

tion so adopted unless an appeal to the supreme court is taken, and the construction so acquiesced in shall thereafter be followed by the department."

He points out that one branch of the circuit court for Dane county in a well-researched opinion has heretofore considered this identical question and concluded that the circuit court had jurisdiction to proceed with the review even though the petition had not been served on the equivalent tribunal—then the Wisconsin Board of Tax Appeals. No appeal was taken from the denial of the Department of Taxation's motion to dismiss for that reason. He therefore concludes that under the terms of the statute the Department of Revenue has acquiesced in the circuit court decision and is precluded from now challenging the jurisdiction of a circuit court on the same grounds. We cannot conclude that the statute has the meaning which the taxpayer asserts. We, of course, agree that, in the course of its internal administration of the tax laws, the Department of Revenue cannot under this statute flout a circuit court decision that is adverse to it. It is bound by that decision until reversed. Such statute, however, does not preclude this court from exercising its constitutional authority to determine whether the jurisdiction of inferior courts has been properly invoked. Of course, the failure to appeal and the subsequent acquiescence in a circuit court decision by the tax department would be strong evidence of a course of administrative practice which this court would find persuasive evidence of the proper law to apply.

The purpose of this statute is apparent. It is designed to insure stability in the tax law so a taxpayer may plan his affairs in reliance on a circuit court decision which has been decided adversely to the department and from which the department has not appealed. We are satisfied that in the instant case the purpose of the law to assure stability in the tax field is not relevant herein. No taxpayer would plan the course of either his personal or business affairs in reliance upon whether a document on

appeal is to be served on one agency or another. We find it difficult to conclude that a taxpayer in this instance has relied to his detriment on a procedural decision of an inferior court.

*By the Court.*—Order affirmed.