EVANS: In the matter of the proposed incorporation of the city of Pewaukee, Waukesha county, Appellant, v. DEPARTMENT OF LOCAL AFFAIRS & DEVELOPMENT and another, Respondents.

*No. 243. Submitted under sec. (Rule) 251.54 February 6, 1974.—Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 408.)

The cause was submitted for the appellant on the brief of *Hippenmeyer, Reilly & Arenz* of Waukesha, and for the respondent on the brief of *Robert W. Warren*, attorney general, and *John C. Murphy*, assistant attorney general.

BEILFUSS, J. The petitioner-appellant, Evans, in a representative capacity, petitioned the circuit court for Waukesha county for the incorporation of the township of Pewaukee, Waukesha county, into a fourth-class city pursuant to municipal incorporation statutes appearing in sec. 66.013 through sec. 66.019, Stats.

The incorporation statutes require that a petition for incorporation be filed with the circuit court in the county in which all or a major part of the territory to be incorporated is located. Notices must be published, interested parties can appear and a hearing is held wherein the circuit court of that county determines whether all the necessary preliminary statutory requirements or standards are met. If the circuit court determines these standards are met it must ". . . refer the petition to the head of the planning function and thereupon the latter [the head of the planning function] shall determine whether or not the standards under s. 66.016 are met." (Sec. 66.014 (8) (b), Stats.) The statute then directs the head of the planning function to make an investigation and to hold a hearing in order to make this determination.

In this instance the circuit court for Waukesha county, after appropriate hearing, referred the petition to the "head of the Planning Function in the Department of Local Affairs and Development of the State of Wisconsin." The planning function director made extensive written findings and a determination wherein he determined that, "The petition as submitted shall be dismissed." Copies of these findings and determination were sent to the clerk of the circuit court for Waukesha county and several other parties or attorneys who had appeared.

The petitioner Evans sought a judicial review of the findings and determination of the "head of the planning function."

Sec. 66.017 (1), Stats., provides:

"The order of the circuit court [here Waukesha county] made pursuant to s. 66.014 (8) or (9) (f) may be appealed to the supreme court."

Sec. 66.017 (2), Stats., provides:

"The decision of the head of the planning function made pursuant to s. 66.014 (9) shall be subject to judicial review by the circuit court of Dane county as provided in ch. 227."

When the incorporation proceeding was commenced in Waukesha county and when the head of the planning function filed its determination, the title or caption of the proceeding was properly stated:

"State of Wisconsin
In Circuit Court For Waukesha County
In the Matter of the Proposed:
Incorporation of the City of:
Pewaukee, Waukesha County:"

The caption of the petition for judicial review of the determination was:

"STATE OF WISCONSIN
CIRCUIT COURT DANE COUNTY
IN THE MATTER OF THE PROPOSED
INCORPORATION OF THE CITY OF PEWAUKEE,
WAUKESHA COUNTY, WISCONSIN.
PETITION FOR JUDICIAL REVIEW"

The petition set forth its reasons for seeking judicial review and incorporated therein a copy of the findings and determination of the head of the planning function of the department. The attorney general served and entered a "Notice of Appearance" on behalf of the "Wisconsin Department of Local Affairs & Development, Bureau of Local & Regional Planning, George A. James, Acting Director" and demanded all subsequent pleadings and legal papers be served on him. He also served a "Statement of Position" in opposition to the petition for review.

The notice of appearance and statement of position by the attorney general were captioned:

"STATE OF WISCONSIN
IN CIRCUIT COURT DANE COUNTY
WILLARD R. EVANS, Petitioner,
v.
WISCONSIN DEPARTMENT OF LOCAL
AFFAIRS & DEVELOPMENT (Bureau
of Local & Regional Planning), Respondent."

The city of Waukesha, which does not appear upon this appeal, served an order to show cause as to why the petition should not be dismissed because the caption or title of the action did not comply with sec. 227.16 (1), Stats., which provides in part:

". . . The petition [for review] shall be entitled in the name of the person serving the same as petitioner and the name of the agency whose decision is sought to be reviewed as respondent, . . ."

The circuit court for Dane county, in dismissing the petition for want of jurisdiction, took the position that jurisdiction for judicial review of the findings and orders of administrative agencies is dependent upon strict compliance with sec. 227.16, Stats., and that the parties could not confer jurisdiction upon the court by waiver or consent. As a generalization, this statement is true and the cases cited by the trial court [1] bear this out. The *Wisconsin Telephone Company Case* deals with a nonreviewable order of appointment of a conciliator; the *Falk Case* deals with failure to serve all the necessary parties within that statutory time in an appeal to this court from a circuit court judgment reviewing an administrative decision; the *Brachtl Case* involved the service of the petition upon the wrong agency; and *Kohnke* dealt with the failure to serve and file the petition for review within the statutorily prescribed time.

We adhere to the holdings of those cases, however we think this case must be distinguished. Here there was not a failure to serve the right agency or untimely service. The petition set forth the decision or determination to be reviewed and alleged the reasons for a review. The attorney general, in behalf of the agency, responded with a general appearance and a statement of the department's position as to the review without any objection as to jurisdiction. No one was misled in any way.

We view the faulty caption as a misnomer that in no way affected the subject matter jurisdiction of the court nor the grounds alleged for review. This issue here is much like *Lake Superior District Power Co. v. Public*

[1] *Brachtl v. Department of Revenue* (1970), 48 Wis. 2d 184, 179 N. W. 2d 921; *Wisconsin Telephone Co. v. Wisconsin Employment Relations Board* (1948), 253 Wis. 584, 34 N. W. 2d 844; *Falk v. Industrial Comm.* (1950), 258 Wis. 109, 45 N. W. 2d 161; *Kohnke v. ILHR Department* (1971), 52 Wis. 2d 687, 191 N. W. 2d 1.

*Service Comm.* (1947), 250 Wis. 39, 51, 52, 26 N. W. 2d 278, wherein this court stated:

"The commission contends that the circuit court never acquired jurisdiction to review the commission's declaratory ruling for the reason that the instrument which the utility served on and filed with the commission on November 19, 1945, for the purpose of having a review of that ruling was designated 'Notice of Appeal' rather than 'Petition for Review.' Sec. 227.16, Stats., provides that such 'proceedings for review shall be instituted by serving a petition therefor.' There was no claim that the instrument served did not fully comply in all other respects with the requirements of sec. 227.16, Stats. It was served within the time and upon the parties specified in that section; and throughout almost the entire proceedings in the circuit court, pursuant to the instrument, up to the rendition of the court's supplemental decision and judgment the error in nomenclature in designating the instrument 'Notice of Appeal' did not deceive or confuse anyone, no one was prejudiced in any way by the form of the language used, and all parties proceeded on the assumption that the proceedings were properly before the court until the attorney general objected on the ground that the court never acquired jurisdiction to review the commission's declaratory ruling for the reason that the proceeding for review by the circuit court was instituted by an instrument designated 'Notice of Appeal' rather than 'Petition for Review.' Upon the utility's motion, the court then allowed an amendment of the instrument, which did nothing but change its caption to 'Notice of Appeal and Petition for Review,' and make the minor changes in the body thereof which were required by that change of title; otherwise the original and the instrument as amended are identical in substance. In allowing the amendment the court stated,

" 'We deem the formal substitution [of Petition for Notice of Appeal] unnecessary, but allow it. We do not look upon the error, if any, in nomenclature, as at all fatal. The distinction between petition and notice in the instant case is of no importance, in our judgment. The

petition does not, cannot, and need not set out anything substantially different than is in the notice.'

"Sec. 227.16, Stats., provides that 'The petition may be amended, by leave of court, though the time for serving the same has expired;' and under the circumstances the court rightly ordered the amendment."

In our opinion the petition and its service were sufficient to confer jurisdiction upon the circuit court for Dane county and the petitioner should have been permitted to amend the caption to comply with sec. 227.16 (1), Stats.

*By the Court.*—Order reversed and cause remanded for further proceedings.