CUDAHY and others, Appellants, v. DEPARTMENT OF REVENUE, Respondent.

*Nos. 196, 197. Submitted under sec. (Rule) 251.54
December 2, 1974.—Decided December 20, 1974.*
(Also reported in 224 N. W. 2d 570.)

254

The cause was submitted for the appellants on the brief of *Godfrey & Kahn, S. C.,* attorneys, and *William Boardman Graves,* of counsel, all of Milwaukee; and for the respondent on the brief of *Robert W. Warren,* attorney general, and *Allan P. Hubbard,* assistant attorney general.

HANLEY, J. Three issues are presented on this appeal:

1. Did the circuit court have jurisdiction to act on either of the two petitions for review?

2. Did the trial court have the power to enlarge the appellants' time to serve the first petition to review upon the Wisconsin Department of Revenue?

3. Should this court exercise its discretionary power under sec. 251.09, Stats., to reverse the circuit court orders because of a miscarriage of justice?

*Question of jurisdiction.*

The proceeding in the circuit court was commenced by the taxpayer under ch. 227, Stats. Sec. 227.16 (1) of that act requires that within thirty days after service of the agency decision from which review is sought, the petition for review shall be served upon the agency and filed with the clerk of the circuit court, and that a copy of the petition shall also be served personally or by registered mail, not later than thirty days after the commence-

ment of the proceeding, upon all parties who appeared before the agency in which the order sought to be reviewed was made.

In *Brachtl v. Department of Revenue* (1970), 48 Wis. 2d 184, 179 N. W. 2d 921, this court discussed this section and stated:

"The statute involved is complex and if read in a cursory fashion could be confusing. We are satisfied, however, that its provisions are clear and that the requirement that the Wisconsin Tax Appeals Commission be served is explicitly set forth in the statute. The section . . . clearly states that the review proceeding must be instituted by service upon the agency 'within 30 days after the service of the decision of the agency upon all parties.' It is undisputed that the Wisconsin Tax Appeals Commission was the tribunal which made the decision. . . ." (PP. 186, 187)

In *Monahan v. Department of Taxation* (1963), 22 Wis. 2d 164, 125 N. W. 2d 331, this court made clear that the department also had to be served:

"The department had appeared in the proceeding before the board in which the board has entered its decision and order of May 3, 1962, and with respect to which the taxpayer sought circuit court review. Therefore, unless the department was served with a copy of the petition for review within the required thirty-day period, the circuit court would be without jurisdiction to conduct the review proceeding." (P. 167)

The TAC and the department are two separate and distinct agencies. Sec. 73.01, Stats., and *Kaukauna v. Department of Taxation* (1947), 250 Wis. 196, 26 N. W. 2d 637. The TAC must be served with the petition for review as the agency which made the determination sought to be reviewed and the department must be served as a party who appeared before the agency. Any confusion which might exist in the statutory procedure as to these requirements for service of the petition for review was

eliminated by this court's decisions in *Monahan* and *Brachtl.*

Appellants argue that even under these requirements, they complied with the statutory requirements by serving and filing the second petition after their attorney had served the TAC's decision and order upon the department. They contend that the record does not disclose service of the order on the department and, therefore, the time for bringing the petition for review never began to run until their attorney served the order.

However, the department, through its attorney, stated that it had been served. Also, the clerk of the TAC, in certifying the record for the second petition, included the admission of service of the department dated June 22, 1972. The clerk stated that this had been inadvertently omitted from the record certified on the first petition.

The plaintiffs commenced their petition for review within the time limit set by sec. 227.16, Stats. The reason the question arises is that counsel for the petitioners did not realize the department had to be served. But for this mistake, the statutory requirements would have been met. We think the trial court was justified in stating that the appellants are not entitled to take advantage of the omission of the admission of service from the record.

This court recognizes that the right to judicial review of the findings and orders of administrative agencies is dependent upon strict compliance with sec. 227.16, Stats. *Evans v. Department of Local Affairs & Development* (1974), 62 Wis. 2d 622, 215 N. W. 2d 408; *Brachtl v. Department of Revenue, supra,* and *State ex rel. Russell v. Board of Appeals* (1947), 250 Wis. 394, 27 N. W. 2d 378.

In *Evans v. Department of Local Affairs & Development, supra,* it was said that:

"The circuit court for Dane county, in dismissing the petition for want of jurisdiction, took the position that

jurisdiction for judicial review of the findings and orders of administrative agencies is dependent upon strict compliance with sec. 227.16, Stats., and that the parties could not confer jurisdiction upon the court by waiver or consent. As a generalization, this statement is true and the cases cited by the trial court bear this out." (P. 626)

This rule was distinguished in *Evans* and not applied because in that case failure to comply with the section involved only an improper caption. The faulty caption was viewed as a misnomer which "in no way affected the subject matter jurisdiction of the court." However, the language of the court indicates that strict compliance with the statutory requirements is essential for subject matter jurisdiction because personal jurisdiction can be conferred by waiver or consent whereas subject matter jurisdiction cannot. Secs. 262.04, 262.07, and 262.16, Stats.

Recently this court decided *Hamilton v. ILHR Department* (1973), 56 Wis. 2d 673, 203 N. W. 2d 7. This case also involved an order of the department of industry, labor and human relations, but the petition to review was brought under sec. 227.16, Stats. Both the agency and the adverse party before the agency objected to the method of service. As to service on the department, this court said:

" . . . While service upon the department within thirty days of the service of its order may be a prerequisite to the court's subject-matter jurisdiction, the primary function of service, namely, notice, was fulfilled within the thirty days. We conclude any defect in the manner of service so as to affect subject-matter jurisdiction was waived. The department also waived the manner in which it was personally served, which service gave the circuit court personal jurisdiction over it." (PP. 686, 687)

In *Hamilton,* the court's concern was that the clerk of circuit court abused his discretion by not filing the peti-

tion for review as soon as he should have, and that the petitioner could not be denied his right to appeal as a result thereof. The court was also concerned that the department's entry of four separate orders unduly confused the petitioner. Further, the court determined there was timely service upon the department within the required thirty-day statutory period, and that under the circumstances present in that case the circuit court had obtained subject matter jurisdiction to act.

The fact situation in *Hamilton* is unusual and readily distinguishable from the instant case. As the court pointed out:

". . . Nor is it the case where the petitioner could have complied but did not solely because of his own inadvertence, mistake or negligence. Rather, this is a case where, except for the department's faulty procedures and the clerk's unreasonable failure to file, there would have been compliance." *Hamilton v. ILHR Department, supra.* (P. 688)

In the instant case there was no attempt to serve the department until well after the thirty-day statutory period had expired.

We are satisfied that that cases of *Monahan v. Department of Taxation, supra,* and *Brachtl v. Department of Revenue, supra,* which apply to fact situations similar to the one involved here control. Under *Monahan,* the first petition was properly dismissed because of failure of the appellants to timely serve a copy of the petition upon the department after commencement of the proceedings. Under *Brachtl,* the second petition to review was properly dismissed because it was not brought within thirty days of service upon the parties of the decision and order of the TAC.

We now hold that unless there is compliance with the mandatory requirements of sec. 227.16 (1), Stats., the

taxpayer cannot effectively invoke the subject matter jurisdiction of the circuit court.

*Applicability of sec. 269.45, Stats.*

The appellants contend that the circuit court had the power to extend the time to serve the first petition upon the department and should have done so. Appellants rely upon the provisions of sec. 269.45 (2), Stats., as authority for the granting of an extension of time by the circuit court to serve the first petition.

Respondent asserts that the circuit court did not have jurisdiction to act under sec. 269.45, Stats., and that even if it did have jurisdiction to act, it could not rely upon the statute to extend the time in which appellants could bring their petition for review.

Sec. 269.45 (2), Stats., gives a court discretionary power to extend the time within which any act or proceeding in an action or special proceeding must be taken after the expiration of the specified time.

The trial court did not exercise its discretion in denying the extension of time in which to serve the first petition for review upon the department. Rather, it found that it did not have the authority to extend the time because it did not have any jurisdiction to act in this case. We agree with the trial court's determination.

This action is a petition to review a decision and order of the TAC brought pursuant to sec. 227.16, Stats. It is the exclusive means for review of that agency's orders. *See:* Secs. 73.015 and 227.15, and sec. 72.81, Stats. 1969. Jurisdiction for judicial review of the findings and orders of administrative agencies is dependent upon strict compliance with sec. 227.16. *Evans v. Department of Local Affairs & Development, supra,* and *Brachtl v. Department of Revenue, supra.* The failure to timely serve the department with the first petition for review results in the circuit court not having jurisdiction to act. *Monahan v. Department of Taxation, supra.*

In *Monahan,* the taxpayer failed to serve, either personally or by registered mail, a copy of the petition for review upon the department. On appeal from an order dismissing the petition, the taxpayer relied on sec. 269.51 (1), Stats., which permits the court to allow any defect or omission in the appeal papers to be supplied. This court rejected this argument that the failure to comply with the service requirement could be cured by this section:

"[W]here a statute requires that service of a notice of appeal be made within a certain specified time and this has not been done, the above-quoted provision of sec. 269.51 (1) cannot be resorted to for the purpose of curing the defect. This is because the service of the notice within the required time is a prerequisite to the appellate court's obtaining jurisdiction to act in the absence of some other statutory provision conferring such jurisdiction. . . .

"Sec. 269.51 (1), Stats., if its express language is to be followed, applies to appeals, not judicial review of administrative decisions. However, even if the word 'appeal' as used therein were to be interpreted as embracing administrative agency review proceedings, the circuit court here never obtained jurisdiction . . . ." *Monahan v. Department of Taxation, supra,* pages 169, 170.

Under this reasoning, the circuit court in this case would also be without jurisdiction to extend the time for the service of the petition on the department under sec. 269.45 (2). We conclude that the circuit court in this case did not have authority to extend the time for service on the department because of its lack of jurisdiction.

*Applicability of sec. 251.09, Stats.*

As a final argument, the appellants ask this court to exercise its discretionary power of reversal under sec. 251.09, Stats. We have determined that the circuit court is without jurisdiction to act on the petition for review. Therefore, the question of the applicability of this statute

is governed by *Monahan v. Department of Taxation, supra,* at page 171:

"Lastly, the taxpayer requests that this court invoke its discretionary power under sec. 251.09, Stats., and reverse the circuit court's order of dismissal in the interest of justice. Sec. 251.09, however, presupposes that the court below had jurisdiction. *See Graff v. Roop* (1959), 7 Wis. (2d) 603, 606, 97 N. W. (2d) 393. This court cannot employ this statute to confer jurisdiction where it does not already exist."

Therefore, this court cannot, where no jurisdiction is found, use the statute to reverse the circuit court's orders.

*By the Court.*—Orders affirmed.