RYAN and wife, Appellants, v. DEPARTMENT OF REVENUE, Respondent.

*No. 404.   Submitted under sec. (Rule) 251.54 April 10, 1975.—*
*Decided May 6, 1975.*
(Also reported in 228 N. W. 2d 357.)

For the appellants the cause was submitted on the brief of *Robert E. Sutton* and *Samson, Friebert, Sutton, Finerty & Burns,* all of Milwaukee.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Sverre O. Tinglum,* assistant attorney general.

BEILFUSS, J. The appellants contend, due to the representation of the woman at the commission to the effect that she would file the petition, and due to the appellants' allegedly justifiable reliance to their detriment upon such representation, that the department is estopped from asserting the untimeliness of the filing of the petition.

We hold that estoppel is inappropriate here because: (1) It is being asserted against the government, and (2) the appellants have failed to establish justifiable reliance on the representation.

With respect to the fact that estoppel is being asserted against the government, it should be noted that it was not an agent of the respondent who made the representation. The respondent is the Wisconsin Department of Revenue. The woman who allegedly made the representation was an employee of the tax appeals commission, which is attached to the department of administration, an executive administrative department entirely separate from the Wisconsin Department of Revenue. Thus the appellants are attempting to assert the acts of an employee of one governmental agency as a basis for estoppel against a different governmental agency.

As a general proposition, a government or one of its agencies is not subject to estoppel to the same extent as an individual. *Libby, McNeill & Libby v. Department of Taxation* (1952), 260 Wis. 551, 555, 51 N. W. 2d 796; *Jefferson v. Eiffler* (1962), 16 Wis. 2d 123, 133, 113 N. W. 2d 834; *Surety Savings & Loan Asso. v. State*

(1972), 54 Wis. 2d 438, 445, 195 N. W. 2d 464. In order to establish estoppel, the acts of the state agency "must amount to a fraud or a manifest abuse of discretion." *Surety Savings & Loan Asso., supra,* page 445; *Jefferson, supra,* page 133. As stated in *Monahan v. Department of Taxation* (1963), 22 Wis. 2d 164, 169, 125 N. W. 2d 331:

". . . there is no estoppel *in pais* if the party seeking to invoke it was aware of facts which made it its duty to inquire into the matter. There may be situations where the party, against whom an estoppel *in pais* is asserted, has been guilty of an intentional wrongful act which has misled the injured party. In such a situation it might well be inequitable to permit the wrongdoer to escape the consequences of the doctrine of estoppel *in pais* on the ground that the injured party did not exercise diligence to discover the true facts. However, this is not the situation here because there is nothing in the record before us to even suggest that the chairman of the board, in executing the admission of service, acted from an improper motive."

With respect to any justifiable reliance on the part of the appellants, as stated in *Monahan, supra,* page 168, "the right to assert estoppel *in pais* does not arise unless the party asserting it has acted with due diligence."

In the instant case, the appellants' attorney admitted to being fully aware, at all relevant times, of the pertinent filing deadlines. Yet even after his second conversation with the woman at the commission, at which time he learned that with only one day left in the filing period the petition still had not been filed, he made no attempt to go to Madison to get the petition and did not file a copy of the petition with the clerk of courts until about five days later, after the filing period had expired. In view of the attorney's knowledge of the deadline and of the fact that the petition had not been filed, it can hardly be said that he acted with due diligence or that he was justified in relying upon the woman's original representation.

This court has consistently demanded strict compliance with the requirements of sec. 227.16, Stats., for judicial review. *Cudahy v. Department of Revenue* (1974), 66 Wis. 2d 253, 259, 224 N. W. 2d 570; *Brachtl v. Department of Revenue* (1970), 48 Wis. 2d 184, 187, 179 N. W. 2d 921. As stated in *Kohnke v. ILHR Department, supra,* at page 690:

"To dismiss an appeal because it comes one day late may seem harsh. However, if statutory time limits to obtain appellate jurisdiction are to be meaningful they must be unbending."

We hold, therefore, that appellants have failed to make an adequate showing of facts sufficient to create an estoppel, and thus must affirm the order of the circuit court dismissing appellants' petition for lack of timely filing.[2]

*By the Court.*—Order affirmed.

---

[2] The question of the timeliness of the appeal to this court, while briefed by both parties, was decided by order prior to oral argument and hence is not discussed here.