CRUZ, Plaintiff-Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, and others, Defendants-Respondents.

*No. 75–499. Submitted on briefs December 1, 1977.— Decided January 3, 1978.*
(Also reported in 260 N.W.2d 692.)

444

For the appellant the cause was submitted on the briefs of *Gerald R. Turner,* attorney, and *Jerome F. Pogodzinski,* of counsel, both of Milwaukee.

For the respondent Department of Industry, Labor and Human Relations, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Stephen M. Sobota,* assistant attorney general.

HEFFERNAN, J.   This is an appeal from an order of the circuit court for Dane county dated September 29, 1975, which dismissed the complaint of Jose M. Cruz against the Department of Industry, Labor and Human Relations, General Split Corporation, and Travelers Insurance Company. Cruz sought review of an order of the Department of Industry, Labor and Human Relations (hereafter DILHR) which dismissed his application for worker's compensation benefits.

The issue presented in this case is whether Cruz' action was commenced in the circuit court for Dane

County for a review of an order under sec. 102.23 (1), Stats. (1973), when the summons and complaint were properly and timely served upon DILHR within the prescribed thirty-day period but were improperly captioned, "County Court: Milwaukee County," instead of being captioned, "Circuit Court: Dane County." Only the latter court had subject-matter jurisdiction under the appropriate statutes.

The trial judge held that, because the amended summons, with the caption reciting, "Circuit Court: Dane County," was not served within the thirty-day period provided by law, the action to review was not timely commenced; and, accordingly, he dismissed.

We conclude that, in accordance with the manifest intention of the pleading and practice statutes to permit the amendment and correction of technical pleading errors for the purpose of insuring that litigation will be disposed of on the merits and not on pleading technicalities, the action was timely commenced in the circuit court for Dane county and that the dismissal was erroneous. We reverse.

The record shows that Jose M. Cruz applied for worker's compensation benefits, contending that he had sustained an injury during the course of his employment. Following the usual procedure, the examiner for DILHR entered an order on March 4, 1975, dismissing Cruz' application. This order was affirmed by DILHR on April 10, 1975.

On May 9, 1975, the applicant served a summons and complaint on DILHR pursuant to sec. 102.23(1), Stats. (1973), and within the thirty-day period within which judicial review may be commenced.

DILHR concedes that the original complaint was properly served on DILHR and that it was clear from the complaint that the claimant was seeking judicial review of DILHR's order of April 10, 1975, which denied Cruz

worker's compensation benefits. Accordingly, DILHR and all necessary parties had notice that review was being sought and that an action for review was pending. The summons and complaint, however, as indicated above, were incorrectly captioned, "County Court: Milwaukee County." Subsequently, an amended complaint properly captioned, "Circuit Court: Dane County," was served on the necessary parties on May 29, 1975. On the same day, the clerk of the circuit court for Dane county entered an order purporting to transfer the action to the circuit court for Dane county. On that same day, DILHR filed a demurrer on the ground that the Milwaukee county court had no jurisdiction under the statutes, and on June 13, 1975, it filed a motion to dismiss with the circuit court for Dane county, contending that, because the action had not been brought in the circuit court for Dane county until May 29, 1975, more than thirty days after the entry of DILHR's order, the action was not timely.

On September 15, 1975, the circuit court for Dane county issued a decision granting DILHR's motion to dismiss on the ground that the action for review was not commenced in circuit court for Dane county within the thirty-day statutory period. The order of dismissal was dated September 29, 1975, and the appeal to this court is from that order.

Apparently no order was entered disposing of the demurrer objecting to the jurisdiction of the Milwaukee county court. Only the order granting the motion to dismiss filed in the circuit court for Dane county is before us on appeal.

This court has repeatedly held that an action invoking jurisdiction to review an order of DILHR in a worker's compensation case must be timely brought in the Dane county circuit court. The thirty-day statutory period is mandatory and will be strictly enforced.

Jurisdiction to review compensation orders by DILHR is conferred only by sec. 102.23, Stats. *Holley v. ILHR Department,* 39 Wis.2d 260, 264, 158 N.W.2d 910 (1968). This court has required strict compliance with this statute and with the procedures for the review of administrative determinations. In *Holley,* the state, an indispensable party, had not been joined; and this court concluded that the action must be dismissed, because an improper joinder could not be cured after the expiration of the thirty-day period for bringing the action for review.

Similarly, in *Brachtl v. Department of Revenue,* 48 Wis.2d 184, 179 N.W.2d 921 (1970), and *Cudahy v. Department of Revenue,* 66 Wis.2d 253, 224 N.W.2d 570 (1974), strict compliance was insisted upon because the necessary parties were not timely served.

It appears that these cases are typical of those previously brought to this court in that they were concerned with the failure to commence any action within the thirty-day period or with the failure to serve necessary parties within the statutory period. The instant case is apparently one of original impression, for, in this case, service was timely made upon all necessary parties, but the pleadings bore the caption of a court which, under the statutes, had no jurisdiction to proceed with the action. We cannot conclude that this is an irremediable defect.

It is conceded by the respondents that the defect was technical in nature, that the parties were served with the appropriate pleadings, which clearly set forth the nature of the relief sought, and that the documents themselves were subsequently filed in the Dane county circuit court, which in fact had jurisdiction under the statute.

Basically, the question is whether a worker who claims to have sustained injury is to be denied the adjudication

of his claim on the merits when all substantive and procedural steps to insure that adjudication have been taken and the only defect in the pleadings is the miscaption of the summons and complaint.

It is clear, of course, as the cases cited above demonstrate, that a purpose of the worker's compensation act will be defeated if untimely appeals are tolerated. It is also apparent that the thirty-day limitation is a statement of the policy of the law that all interested parties be apprised of an aggrieved party's intention to seek review within the thirty-day period. A violation of these legislative strictures is beyond the competence of this court to remedy. Such defects are jurisdictional, and if in fact the necessary parties are not timely served or if the action is not commenced within the thirty-day period, no court—not even the proper one—has jurisdiction to proceed. We see no violation, however, of those jurisdictional restraints upon the courts under the present facts.

The defects alleged here are of a hypertechnical nature, and the entire tenor of modern law is to prevent the avoidance of adjudication on the merits by resort to dependency on non-prejudicial and non-jurisdictional technicalities.

It is clear that the parties adverse to Cruz were not, in any way, prejudiced by the defective pleadings and were fully informed of the nature of the relief sought.

The purpose of the worker's compensation act does indeed embody safeguards for the protection of employers and others who may be adverse to a worker who claims a compensable injury, but the basic "purpose" of ch. 102, Stats. is to give prompt relief to injured employ-

ees who are entitled to compensation. *Schneider Fuel & Supply Co. v. Industrial Comm.*, 224 Wis. 298, 272 N.W. 25 (1937). We have repeatedly stated that the worker's compensation act must be liberally construed to effectuate that policy which the legislature sought to advance by its passage. *State v. Industrial Comm.*, 4 Wis.2d 472, 90 N.W.2d 397 (1958). We would not, however, be at liberty to construe the applicable statutes to favor the injured worker on the basis of that fundamental policy alone were it not for the fact that the procedural statutes are themselves replete with provisions which seek to avoid the dismissal of cases on technical grounds. A few examples are noted.

Sec. 269.43, Stats. (1973), provides that a court shall disregard defects in pleadings not affecting the substantial rights of adverse parties. Sec. 269.44 (1973) provides for amendments of pleadings in the interest of justice. Sec. 269.51(2) (1973) provides for the certification to courts having jurisdiction when an action is originally brought to a court without jurisdiction. Sec. 269.52 (1973) provides for the certification to another court of a case when the original court lacks jurisdiction.

These statutes clearly evince a strong statutory policy against the dismissal of actions where there are technical defects in the pleadings or in the proceedings. We deem, however, sec. 269.51, Stats. (1973), particularly pertinent to the matter before us, and we conclude that it is controlling. Sec. 269.51(1) provides:

"269.51 Irregularities and lack of jurisdiction waived on appeal; jurisdiction exercised; transfer to proper court. (1) When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or participating in any other proceedings in said

appellate court. If it shall appear upon the hearing of such motion that such appeal was *attempted in good faith* the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken." (Emphasis supplied.)

Applying that statute to the instant case, it is apparent that Cruz in good faith attempted to commence the action in the Dane county circuit court, a court which clearly had jurisdiction. DILHR, with reasonable promptness, objected to the irregularity and insufficiency of the appeal because the caption indicated, nominally at least, that the jurisdiction of the Milwaukee county court had been invoked. By making that timely objection, DILHR had standing to move for the dismissal of the case. We conclude, however, that the trial judge's dismissal of the case on DILHR's motion constituted an abuse of discretion.

The statute provides that, if the appeal was attempted in good faith, the court may allow the defect in the appeal papers to be supplied. In the instant case, the appellant's good faith was never questioned. The record clearly shows that a good faith attempt was timely made to commence the action, and the papers themselves were appropriately filed in the Dane county circuit court. The trial judge, rather than inquiring into the good faith of the attempted appeal, chose only to look to the amended papers, which were filed more than thirty days after the entry of the DILHR order. He then concluded that no action had been attempted to be commenced in the Dane county circuit court until May 29, 1975. The entire tenor of the proceedings is to the contrary.

We are satisfied, from the record, that Cruz attempted to bring his action in the Dane county circuit court and did so in good faith when he served the summons and complaint upon the interested parties on May 9, 1975.

The subsequent amendment to the caption is an amendment to the papers timely served on May 9 upon the necessary parties.

It is indeed true that this court has never specifically held that sec. 269.51(1), Stats. (1973), is applicable to the judicial review of administrative orders. *Monahan v. Department of Taxation,* 22 Wis.2d 164, 170, 125 N.W. 2d 331 (1963); *Cudahy v. Department of Revenue,* 66 Wis.2d 253, 263, 224 N.W.2d 570 (1974). Those cases, however, on their facts, were limited to situations where the question posed was the timeliness of the petition for review and not to whether technical errors in the pleadings were correctible under such circumstances as here, where all parties have been timely served.

We conclude that the language of this statute is all-encompassing and is applicable whenever an aggrieved party seeks to review an order of "any court, tribunal, officer or board." While, from a technical viewpoint, there may be an insubstantial difference between an "appeal" and an "action to review," we see, in respect to this case, no reasonable distinction under the clear policy of the statutes which seeks to permit the correction of irregularities and to avoid dismissals on technical grounds. The opinions of this court have, on occasion, used the phrases, "action to review" and an "appeal" from an administrative determination, interchangeably. *Lees v. ILHR Department,* 49 Wis.2d 491, 182 N.W.2d 245 (1971).

We are satisified that, under the facts of this case, the action was commenced in the Dane county circuit court and the defect of the miscaptioned pleadings was one of verbiage only. The subsequent amendment was a mere formality, which was appropriately taken to reflect the real nature of the case.

The primary function of service on a party to an action is notice. *Hamilton v. ILHR Department*, 56 Wis.2d 673, 687, 203 N.W.2d 7 (1973). DILHR was completely aware of Cruz' intentions. It was in no way misled; and it, in fact, brought its motion to dismiss in the only court that had jurisdiction—the Dane county circuit court. We are satisfied that DILHR, in bringing its motion to dismiss on this technical and insubstantial basis, acted contrary to the purposes of the worker's compensation act and contrary to the policy of this state, which liberally permits the correction of insubstantial errors in pleadings. Where, as in the instant case, the trial judge looked only to the insubstantial and technical defects appearing on the face of the pleadings, rather than to whether the appeal was brought in good faith, his determination was the consequence of an abuse of discretion.

Accordingly, the order is reversed and the cause remanded for further proceedings on the complaint.

*By the Court.*—Order reversed and cause remanded.