SHOPPER ADVERTISER, INC., d/b/a Shopper Advertiser-Walworth County, and Shopping News, Inc., d/b/a Greater Beloit Shopping News, Petitioners-Appellants and Cross-Respondents,

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent and Cross-Appellant.†

Court of Appeals

*No. 81–1409. Submitted on briefs February 19, 1982.—Decided March 22, 1983.*
(Also reported in 332 N.W.2d 841.)

† Petition to review granted.

For the petitioners-appellants and cross-respondents the cause was submitted on the brief of *Thomas J. Basting* and *Brennan, Steil, Ryan, Basting and MacDougall, S.C.,* of Janesville.

For the respondent and cross-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *John J. Glinski,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

W.L. JACKMAN, Reserve Judge.[1]   Shopper Advertiser and Shopping News, Wisconsin corporations, appeal from the judgment of the circuit court for Dane County affirming a determination of the Wisconsin Tax Appeals Commission (commission).[2] The Department of Revenue (department) appeals from an order of the circuit court for Rock County which denied the department's motion to dismiss for lack of subject matter jurisdiction and certified the case to the circuit court for Dane County under sec. 807.07(2), Stats. The certification was made more than thirty days after the commission's decision was served on the parties.

The dispositive issues on appeal are (1) whether the proper venue of a ch. 227, Stats., review of a decision of the commission is in the county where the petitioner-taxpayer resides as specified in sec. 227.16(1), or in Dane County as specified by sec. 77.59(6)(b), Stats.; and (2), if the latter, whether this action was properly certified to the Dane County Circuit Court pursuant to sec. 807.02 (2), Stats. We conclude that tax commission reviews must be brought in Dane County, and that sec. 807.07(2) does not permit a ch. 227 review petition filed in the wrong county to be certified to the proper county after the expiration of the statutory time within which the review petition must be filed. We therefore reverse the Rock County Court's order and vacate the judgment of the Dane County Court.

The facts are undisputed. On September 14, 1979, the commission served its decision on the parties denying appellants' joint application for the abatement of sales and

[1] By direction of the Chief Justice, the writing of this opinion was reassigned from Bablitch, J., to the author.

[2] The appellants filed a joint petition for review because their cases were consolidated before the commission, which decided the identical issues before it in each case in a single decision and order.

use taxes assessed against them between 1969 and 1974. On October 12, 1979, appellants timely filed a petition for review, under sec. 227.16(1)(a), Stats., in the circuit court for Rock County, the principal place of business of Shopper Advertiser, Inc.[3] The department moved to dismiss the petition on the ground that the Rock County court lacked jurisdiction over the subject matter of the case. On July 14, 1980, that court issued a memorandum decision concluding that it lacked subject matter jurisdiction. It denied the department's motion to dismiss, however, and ordered the case certified to Dane County Circuit Court. Subsequently, the Dane County Circuit Court heard the appeal and entered a judgment affirming the commission's determination on the merits.

Section 227.16, Stats. (1977), which governs judicial review of administrative agency decisions, including those of the commission,[4] provides in pertinent part:

(1) *Except as otherwise specifically provided by law,* any person aggrieved by a decision specified in s. 227.15 shall be entitled to judicial review thereof as provided in this chapter.

(a) *Proceedings for review shall be instituted* by serving a petition . . . upon the agency . . . and *by filing the petition in the office of the clerk of the circuit court for the county where the trial is to be held within 30 days* after the service of the decision of the agency upon all parties as provided in s. 227.11. . . . *The proceeding shall be in the circuit court of the county where the petitioner resides,* . . . . [Emphasis supplied.]

---

[3] Shopper Advertiser, Inc., has its principal office in Delavan, Wisconsin, Walworth County. Shopping News, Inc., has a principal address in Beloit, Wisconsin, Rock County. Section 227.16(1), Stats., requires a petition for review to be filed "in the county where the petitioner resides" unless otherwise provided by law. The parties do not raise, and we do not consider, the proper venue of a ch. 227 review proceeding for corporate petitioners, or where joint petitioners reside in different counties.

[4] Section 227.01(1), Stats., defines "agency" to include any state commission.

Chapter 77, Stats., which deals in part with sales and use taxes, provides in sec. 77.59(6)(b) that "all appeals from decisions of the tax appeals commission . . . *shall be appealed to the circuit court for Dane County*." [Emphasis supplied.] Chapter 77 was amended in 1969 to include the italicized language,[5] which has remained unchanged since that time. Meanwhile, ch. 227, Stats., has been amended with respect to the requirement for judicial review of agency determinations several times. Its original requirement in sec. 227.16 (1943), that all appeals under this chapter be filed in Dane County was amended in 1975 to allow an appeal to be filed in "the county where the trial shall be held,"[6] and in 1977 to allow a filing in "the county where the petitioner resides."[7] Appellant filed its petition for review in the circuit court for Rock County in reliance on this latter language.

The reliance was misplaced. Section 227.16, Stats., expressly provides that where "otherwise specifically provided by law," ch 227 provisions do not govern. Section 77.59(6)(b), Stats., is a specific statute requiring that judicial review of tax commission decisions be brought in Dane County. In *Wisconsin Valley Imp. Co. v. Public Serv. Comm.*, 7 Wis. 2d 120, 125, 95 N.W.2d 767, 770 (1959), the supreme court held that previous sec. 227.16, which required that ch. 227 reviews be filed in Dane County court "unless otherwise provided by law," did not supersede a specific statute requiring review of certain decisions of the Public Service Commission to be filed in the county where the affected property was located. Applying the same reasoning in this case, sec. 77.59(6) controls the proper venue of this proceeding.

[5] Section 2, Chapter 84, Laws of 1969, effective June 26, 1969.

[6] Chapter 414, Laws of 1975, effective June 25, 1976.

[7] Section 68m, Chapter 187, Laws of 1977, effective August 1, 1978.

Because section 77.59(6)(b) is mandatory, Dane County is the only county in which this proceeding could be brought. Therefore, the Rock County Circuit Court correctly determined that it was without jurisdiction over the proceeding.

The appellants contend that the department waived its right to object to a lack of jurisdiction by filing a notice of appearance and statement of position in the Rock County court before moving to dismiss. Appellants rely on sec. 807.07(1), Stats., which provides:

When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal *or to the jurisdiction over the parties* of the appellate court, unless the respondent moves to dismiss such appeal before taking or participating in any other proceeding in said appellate court. If it appears upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken. [Emphasis supplied.]

This subsection is not applicable to the situation at hand. It applies only to defects in personal jurisdiction,[8] which may be waived. Subject matter jurisdiction may not be waived, and may not be conferred by stipulation. As the supreme court stated in *Jaster v. Miller,* 269 Wis. 223,

[8] The Judicial Council Committee's Note to the 1979 amendment of sec. 807.07(1), Stats., which added the italicized language, states:

Sub. (1) is amended to clarify that it addresses jurisdiction over the parties, and not the subject matter jurisdiction of the appellate court. Lack of subject matter jurisdiction of an appellate court cannot be waived. Sub (1) cannot be used to cure defects concerning subject matter jurisdiction of an appellate court.

234, 69 N.W.2d 265, 270 (1955), *overruled on other grounds*, 41 Wis. 2d 230, 163 N.W.2d 609 (1969), construing the predecessor of this subsection in another context:

We do not question that the appeal was attempted in good faith and this court is always ready, upon proper application, to allow defects or omissions in appeal papers to be supplied. But the language "the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal *or to the jurisdiction of the appellate court*" cannot be construed to mean that jurisdiction which the court does not otherwise have may be conferred by such waiver. . . .

. . . .
Neither the waiver nor consent of a respondent, nor the willingness of this court to consider a matter in the interests of justice, gives us authority to take jurisdiction where none is conferred by law. [Emphasis in original.]

■
Venue is not normally a matter of subject matter jurisdiction.[9] Moreover, the supreme court has held that "[n]o circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever" because such jurisdiction is vested in the courts of this state by its constitution. *Mueller v. Brunn*, 105 Wis. 2d 171, 176, 313 N.W.2d 790, 792 (1982). In making this determination, however, the supreme court said:

We recognize . . . that the legislature has the authority to abolish heretofore recognized common law actions (e.g., breach of promise suits) and may set standards for exhaustion of administrative remedies or for primary jurisdiction prior to the proper invocation of the court system's subject matter jurisdiction.

---

[9] *See generally* Wisconsin Pleading and Practice, sec. 12.44. *But see Strandberg v. Strandberg*, 27 Wis. 2d 559, 135 N.W.2d 241 (1965), holding that a divorce action commenced in a county in which the plaintiff had not resided for thirty days prior to the commencement of the action as required by then sec. 247.05(3), Stats. (present sec. 767.05, Stats., contains a similar provision) was properly dismissed for lack of subject matter jurisdiction.

*Id.* The question presented by this case is whether proper venue is a condition precedent for the "proper invocation of the court system's subject matter jurisdiction" under sec. 227.16(1), Stats. We conclude that it is.

*Mueller* held that sec. 801.51, Stats., which provides that actions in rem can be commenced only in the county in which the real estate is located, did not deprive other county circuit courts of subject matter jurisdiction over such actions because sec. 801.04(1) provides that "[n]othing in chs. 801 to 847 affects the subject matter jurisdiction of any court of this state." 105 Wis. 2d at 176, 313 N.W.2d at 792. That holding does not control the result in this case for several reasons.

There is no provision similar to sec. 801.04(1), Stats., which pertains to civil actions generally, in ch. 227, Stats., which governs administrative reviews. The supreme court has repeatedly held that the right of review provided by ch. 227 is strictly statutory and that the requirements of sec. 227.16 must be strictly complied with in order to invoke the court's jurisdiction. *Kegonsa Jt. Sanit. Dist. v. City of Stoughton,* 87 Wis. 2d 131, 145, 274 N.W.2d 598, 604 (1979), cited with approval in *Fiala v. Voight,* 93 Wis. 2d 337, 342–43, 286 N.W.2d 824, 827 (1980). *Kegonsa* noted that ch. 227 reviews were a type of suit against the state authorized by the legislature as an exception to the sovereign immunity doctrine, and quoted with approval from *State ex rel. Martin v. Reis,* 230 Wis. 683, 685, 284 N.W. 580, 581 (1939), as follows:

"[I]t is an established principle of law that no action will lie against a sovereign state in the absence of express legislative permission. It is further established that when a sovereign permits itself to be sued upon certain conditions, compliance therewith is a jurisdictional matter, and a suit against the sovereign may not be maintained unless such conditions are complied with."

87 Wis. 2d at 144–45, 274 N.W.2d at 604.

In keeping with this strict compliance doctrine, the court held in *Wis. Environmental Decade v. Public Service Comm.*, 84 Wis. 2d 504, 515, 267 N.W.2d 609, 616 (1978), that failure to *serve* a necessary party within thirty days after the institution of a ch. 227, Stats., review proceeding pursuant to sec. 227.16(1)(c), deprived the court of *subject matter* jurisdiction. *Accord, Brachtl v. Department of Revenue*, 48 Wis. 2d 184, 188, 179 N.W. 2d 921, 923 (1970).

While the supreme court has held that immaterial defects such as incorrectly captioned pleadings are not jurisdictional, and may be corrected if the pleadings have been timely served and filed, *Evans v. Dept. of Local Affairs & Development*, 62 Wis. 2d 622, 215 N.W.2d 408 (1974), *Cruz v. ILHR Department*, 81 Wis. 2d 442, 260 N.W.2d 692 (1977), it has also held that untimely filing of an action is fatal to the court's jurisdiction even if timely service is made on opposing parties. *In re Proposed Incorporation of Pewaukee*, 72 Wis. 2d 593, 599, 241 N.W.2d 603, 606 (1976); *Bubbitz v. Matulis*, 34 Wis. 2d 23, 24, 148 N.W.2d 64, 64 (1967).

In the *Pewaukee* case, the supreme court held that a petition to review filed thirty-six days after service of a Department of Local Affairs and Development decision was untimely, even though the petitioner's attorney had relied upon a commission employee's promise to forward the petition to the circuit court for filing before the expiration of the deadline. The court quoted with approval from *Ryan v. Department of Revenue*, 68 Wis. 2d 467, 472, 228 N.W.2d 357, 359 (1975), as follows:

"This court has consistently demanded strict compliance with the requirements of sec. 227.16, Stats., for judicial review. *Cudahy v. Department of Revenue* (1974), 66 Wis. 2d 253, 259, 224 N.W.2d 570; *Brachtl v. Department of Revenue* (1970), 48 Wis. 2d 184, 187, 179 N.W.2d 921. As stated in *Kohnke v. ILHR Department, supra* at page 690,

" 'To dismiss an appeal because it comes one day late may seem harsh. However, if statutory time limits to obtain appellate jurisdiction are to be meaningful, they must be unbending.' "

The *Pewaukee* court concluded that because the petition had been filed untimely, the circuit court had no jurisdiction to conduct a ch. 227, Stats., review.

In this case the petition for review was filed timely, but in the wrong county. It was ordered certified to Dane County on July 14, 1980, more than eight months after the service of the commission's decision. In ordering the certification, the Rock County Circuit Court apparently concluded that it was either authorized or compelled to take that action by sec. 807.07(2), Stats., which provides:

If the tribunal from which an appeal is taken had no jurisdiction *of the subject matter* and the court to which the appeal is taken has such jurisdiction, the court shall, if it appears that the action or proceeding was commenced in the good faith and belief that the first named tribunal possessed jurisdiction, allow it to proceed as if originally commenced in the proper court and shall allow the pleadings and proceedings to be amended accordingly; *and in all cases in every court where objection to its jurisdiction is sustained the cause shall be certified to some court having jurisdiction, provided it appears that the error arose from mistake.* [Emphasis supplied.]

Section 807.07(2), Stats., a part of the Code of Civil Procedure governing civil actions in general, is of doubtful application in a ch. 227, Stats., review proceeding. In *State v. Jakubowski*, 61 Wis. 2d 220, 225, 212 N.W.2d 155, 157 (1973), the supreme court stated that the predecessor of sec. 807.07(2)—former sec. 269.51(2), Stats., —"does not extend to appellate jurisdiction and is limited solely to courts of original jurisdiction." The court therefore held that it acquired no jurisdiction by virtue of the statute over an appeal from a county court order

which should have been appealed to circuit court. In so holding, the court identified the remedial scope of former sec. 269.51(2), as follows:

What sec. 269.51(2), Stats., was enacted to accomplish was the avoidance of the necessity to dismiss an appeal to the circuit court of a case which was erroneously but in good faith commenced at the county court level. A literal reading of the statute would permit no contrary conclusion.

61 Wis. 2d at 226, 212 N.W.2d at 158.

The department urges that because ch. 227, Stats., review proceedings are in the nature of an appeal, this court should hold that sec. 807.07(2), Stats., does not apply under the broad language of *Jakubowski. Cf. Cruz v. ILHR Department,* 81 Wis. 2d at 452, 260 N.W.2d at 695, holding that there was "no reasonable distinction" between an "appeal" and an "action to review," and thus that former sec. 269.51(1), Stats. (present sec. 807.07 (1)) was applicable to authorize the correction of technical errors in ch. 227 pleadings.[10]

[10] There is also a question whether *any* part of the Civil Procedure Code, chs. 801–847, Stats., is applicable to administrative review proceedings. *See Schiller v. Wisconsin ILHR Department,* 103 Wis. 2d 353, 356–57, 309 N.W.2d 5, 7 (Ct. App. 1981) (sec. 801.15(5), providing three-day extension of time to act after service by mail, inapplicable to ch. 227, Stats., petitions for judicial review); *Omernick v. Department of Natural Resources,* 94 Wis. 2d 309, 313, 287 N.W.2d 841, 843 (Ct. App. 1979) *cert. denied,* 454 U.S. 883 (1981) (sec. 801.02, requiring service of authenticated copies on all interested parties inapplicable to ch. 227 review proceedings); *Nelson v. DNR,* 88 Wis. 2d 1, 5 n. 2, 276 N.W.2d 302, 304 (Ct. App. 1979) *aff'd.,* 96 Wis. 2d 730, 292 N.W.2d 655 (1980) (sec. 801.02 inapplicable to ch. 227 reviews); *Wis. Environmental Decade v. Public Service Comm.,* 79 Wis. 2d 161, 170, 255 N.W.2d 917, 923 (1977) (summary judgment procedure outlined in sec. 802.08, held inapplicable to administrative review proceedings under ch. 227); *Ryan v. Department of Revenue,* 68 Wis. 2d 467, 469 n. 1, 228 N.W.2d 357, 358 (1975) (former sec. 269.36, Stats. [present sec. 801.15(5)] "applies only to

We need not resolve these broader questions of the applicability of sec. 807.07(2), Stats., to ch. 227, Stats., review proceedings. We conclude that even if the statute is applicable, it does not authorize a certification from a circuit court which has no subject matter jurisdiction to one having such jurisdiction after the time limit for commencing a review proceeding has expired. To hold otherwise would defeat the legislative purpose of ensuring that certain types of ch. 227 review—such as the review of tax commission decisions—be brought in Dane County instead of in the county of the petitioner's residence. The importance of this purpose is reflected in sec. 227.25,[11] which allows a review proceeding required

judicial actions and proceedings and does not apply to proceedings before *or appeals from administrative tribunals,"* [emphasis supplied], citing *Kohnke v. ILHR Department,* 52 Wis. 2d 687, 191 N.W.2d 1 (1971)) (former sec. 269.36 did not apply to appeals to the supreme court from a circuit court judgment in worker's compensation cases under ch. 102, Stats., citing *Chevrolet Division, G.M.C. v. Industrial Comm.,* 31 Wis. 2d 481, 489, 143 N.W.2d 532, 537 (1966)). *Cf. Cruz v. ILHR Dept.,* 81 Wis. 2d 442, 452, 260 N.W.2d 692, 695 (1978) (former sec. 269.51(1), (present sec. 807.07(1)), applies to judicial review proceedings under ch. 227 as well as to civil actions generally.

[11] Section 227.25, Stats., states:

Any action or proceeding for the review of any order of an administrative officer, commission, department or other administrative tribunal of the state required by law to be instituted in or taken to the circuit court of Dane county except an action or appeal for the review of any order of the department of industry, labor and human relations or findings and orders of the labor and industry review commission which is instituted or taken and is not called for trial or hearing within 6 months after such proceeding or action is instituted, and the trial or hearing of which is not continued by stipulation of the parties or by order of the court for cause shown, shall on the application of either party on 5 days' written notice to the other be certified and transmitted for trial to the circuit court of the county of the residence or principal place of business of the plaintiff or petitioner, where such action or proceeding shall have precedence over all ordinary civil

to be brought in Dane County Circuit Court to be transferred to courts in other counties only if the case is not called for hearing in Dane County within six months after its commencement.

We conclude, as the supreme court has concluded with respect to the service requirements of sec. 227.16, Stats., that the venue requirements for administrative reviews are jurisdictional, and that strict compliance with those requirements is essential to the circuit court's subject matter jurisdiction. Because this action was neither filed in nor certified to a Dane County Circuit Court—the only court empowered, in the first instance, to conduct the review authorized by ch. 227—within the statutory thirty-day time period, that court was without subject matter jurisdiction to conduct the review. Section 807.07(2), Stats., if applicable to ch. 227 proceedings, cannot be used to confer jurisdiction on the court of proper venue after the thirty-day time limit has expired. As the supreme court stated in *519 Corp. v. Department of Transportation*, 92 Wis. 2d 276, 287–88, 284 N.W.2d 643, 649 (1979). In dismissing an appeal for failure to strictly comply with the procedural requirements to review condemnation awards under ch. 32, Stats:

To dismiss the appeal because the notice—which was admittedly received—was sent by ordinary first class mail rather than by certified mail is harsh. . . . Nevertheless, we feel constrained to dismiss the appeal because a key purpose of procedural provisions such as sec. 32.05(10) (a) is to maintain a simple, orderly, and uniform way of conducting legal business in our courts. Uniformity, consistency, and compliance with procedural rules are im-

actions. Unless written objection is filed within such 5-day period, the order certifying and transmitting such proceeding shall be entered without hearing. The plaintiff or petitioner shall pay to the clerk of the circuit court of Dane county a fee of $2 for transmitting the record.

portant aspects of the administration of justice. If the statutory prescriptions to obtain jurisdiction are to be meaningful they must be unbending. Accordingly we reverse the circuit court's order denying the Corporation's motion to dismiss the State's appeal.

Although the result we reach is also harsh, we reject the appellants' assertion that they were placed in an impossible position by having to guess which venue statute controlled the review at their peril. They had the option of filing the petition to review *both* in the county of residence, as provided by sec. 227.16 (1), Stats., and in Dane County as required by sec. 77.59 (6) (b), Stats. This possibility is specifically contemplated by the last sentence of sec. 227.16 (1) (a) which states:

If two or more petitions for review of the same decision are filed in different counties, the circuit judge for the county in which a petition for review of the decision was first filed shall determine the venue for judicial review of the decision, and shall order transfer or consolidation where appropriate.

We nonetheless recognize that the simultaneous existence of separate venue provisions—one applicable to agency reviews in general and another applicable to a specific agency not specifically exempted from the general provisions[12]—presents a trap for the unwary which which is hardly equitable in light of the important policy that "citizens not be defeated in their redress of grievances by the maze of governmental entities." *Sunnyview Village v. Administration Dept.*, 104 Wis. 2d 396, 412, 311 N.W.2d 632, 640 (1981).

We deem the recommendation in *Sunnyview Village,* that "governmental entities adopt the practice of provid-

[12] The only venue exceptions expressly noted in the general venue provisions of sec. 227.16(1), Stats., are secs. 182.70(6) and 182.71(5) (g), Stats., which provide for venue in the county where property affected by an agency decision is located.

ing with their administrative decisions information on how to process proceedings for review, including which governmental entity is to be named and served as respondent," *id.*, to be appropriate with respect to the venue requirements of review proceedings unique to a specific agency. It serves no just purpose for an agency to "lie in the weeds" when a petition is filed in the wrong county until after the time to file properly has expired, and then to obtain a dismissal of the proceedings. We nevertheless conclude that strict compliance with the venue requirements for a ch. 227, Stats., review is essential and nonwaivable, and that the Dane County Circuit Court had no power to do anything other than dismiss the petition for review. *State v. Omernik,* 54 Wis. 2d 220, 222, 194 N.W.2d 617, 617 (1972).

*By the Court.*—Judgment of the Dane County court reversed, and cause remanded with instructions to vacate the judgment; order of the Rock County court reversed and cause remanded with instructions to dismiss the petition for review.