Rick Jackson, Petitioner-Appellant,

v.

Labor and Industry Review Commission and USF Holland, Respondents-Respondents.

Court of Appeals

*No. 2005AP2123. Submitted on briefs February 6, 2006. —Decided April 27, 2006.*

2006 WI App 97

(Also reported in 715 N.W.2d 654.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of the pro se appellant *Rick Jackson*, Janesville.

On behalf of the respondents-respondents, Labor and Industry Review Commission, the cause was submitted on the brief of *David C. Rice*, asst. attorney general, and *Peggy A. Lautenschlager*, attorney general.

On behalf of the respondents-respondents, USF Holland, the cause was submitted on the brief of *Steven P. Means, Michael Best & Friedrich LLP*, Madison, and *Michael N. Chesney* and *Anthony J. Lazzaro, Frantz Ward LLP*, Cleveland, Ohio.

Before Lundsten, P.J., Dykman and Vergeront, JJ.

¶ 1. VERGERONT, J. Rick Jackson appeals an order of the circuit court dismissing, sua sponte, his petition for review of a decision of the Labor and Industry Review Commission (LIRC). The circuit court concluded that Jackson's petition did not state the nature of his interest, facts showing he was aggrieved, and the grounds on which the agency decision should be reversed or modified, as required by WIS. STAT. § 227.53(1)(b) (2003–04).[1]

¶ 2. We conclude as follows: (1) Dismissal of a petition for failure to state facts showing the petitioner is aggrieved is governed by WIS. STAT. § 227.56(3), and that provision does not permit the circuit court to sua sponte dismiss a petition without a motion from the respondent and without the petitioner having at least

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

one opportunity to amend the petition on the terms described. (2) Dismissal for failure to state the nature of the petitioner's interest and the grounds on which the agency decision should be reversed or modified is not expressly addressed by statute but the more reasonable construction of the relevant statutes is that the circuit court does not have the authority to dismiss a petition on these grounds in the absence of a motion from the respondent and without the petitioner having a reasonable opportunity to request leave to amend the petition. (3) Jackson's petition, liberally construed, adequately states the nature of his interest, facts showing he was aggrieved, and the grounds on which the agency decision should be reversed or modified, as required by Wis. Stat. § 227.53(1)(b). We therefore reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 3. On July 8, 2005, Jackson filed a one-page document in the Rock County Circuit Court with this heading: "Rick Jackson Petitioner vs. Labor and Industry Review Commission Respondent / USF Holland, ERD case no. cr 200002723, State of Wisconsin, Circuit Court of Rock County." The body of the document states:

> I Rick Jackson petitioner petition this court to schedule a briefing schedule so petitioner can argue his case by way of relevant issues.

> The Labor and Industry Review Commission did not follow the law as in the legislatures intent. See Declaration of Policy 111.31.

> Here are some examples of Labor Industry Review Commissions bias. The Commission has continuously

338

manufactured defenses for respondents such as most any crime (99.9 percent) would be substantially related be it misdemeanor or felony. If the crime was even fifty years old it would still be substantially related. Complainants are also denied discovery, also once an ex-offender enters an employers property it is substantially related. The commission cannot show but a few cases ever prevailed predominantly sex offenders. The commissions actions spanning two decades shows a total disregard for persons of color. Conviction record individuals are prevented from obtaining jobs due to out-dated extremely biased political individuals not being able to accept changing times. The unconstitutional actions of the commission need to be addressed without deliberate indifference. Does this court have the wisdom to apply the law without any bias or fan mail from narrow minded intolerants with outdated mentalities.

The bottom of the page contains Jackson's name and address and "cc's" to Labor and Industry Review Commission, with address, and to "USF Holland Allan C. Cave for Respondent," with address.

¶ 4. One week later, on July 15, 2005, LIRC filed a "Notice of Appearance and Statement of Position on Behalf of the Labor and Industry Review Commission." LIRC's position was that "its decision and order which is sought to be reviewed by the petitioner should not be reversed or modified, but should be affirmed in all respects." LIRC did not seek dismissal of the document Jackson had filed.

¶ 5. By letter dated July 15, 2005, LIRC's counsel wrote to the court and described the case as

a judicial review of a decision of [LIRC] under the Wisconsin Fair Employment Act (WFEA), *see* WIS. STAT. §§ 111.31–111.395. The Commission decided that there was not probable cause to believe that USF Holland

unlawfully discriminated against petitioner Rick Jackson on the basis of his conviction record or that USF Holland had a policy of not hiring anyone who had a felony conviction.

The letter noted that a pretrial conference was scheduled for August 3, 2005, but, the letter said, a conference is unnecessary because judicial review of LIRC's decision is confined to the record made before LIRC. The letter asked that the court instead establish a briefing schedule and it suggested a schedule, beginning with Jackson's brief.

¶ 6. Although LIRC's letter was dated July 15, 2005, it was not filed with the clerk of court until July 21, 2005. Also on July 21, the circuit court entered a written decision and order dismissing the petition. In its decision, the court stated that it was unclear from the petition what LIRC decision Jackson was aggrieved by. The court noted that a review of the records of the clerk of court showed that Jackson had filed seven previous actions against LIRC, and the court stated it could not determine "whether [Jackson was] seeking to re-litigate one or more of those controversies or whether he takes issue with another determination of the commission."

¶ 7. The decision analyzed the requirements of WIS. STAT. § 227.53, which, the court stated, would govern review of a LIRC decision. *See* WIS. STAT. § 227.52(7). The court then examined the portion of § 227.53(1)(b) that provides that "[t]he petition shall state the nature of the petitioner's interest, the facts showing that petitioner is a person aggrieved by the decision, and the grounds specified in s. 227.57 upon which petitioner contends that the decision should be reversed or modified." The court concluded that the petition did not show the administrative decision from

which Jackson was seeking review, his interest in the decision or, most importantly, the grounds in WIS. STAT. § 227.57 on which he was seeking reversal or modification.

¶ 8. The court stated that it "tried to give the petitioner the benefit of every reasonable inference that can be drawn from his petition," but concluded that the petition "does not recite facts upon which relief may be granted."[2]

¶ 9. After this decision was entered, USF Holland filed an "Entry of Appearance" stating only that it appeared by the named counsel. LIRC filed the record of the proceedings before it, which are part of the appellate record.

## ANALYSIS

¶ 10. On appeal, Jackson, pro se, argues that it was unfair for the court to dismiss his petition for a "technical reason" when he is not a lawyer and without giving him the opportunity to present his arguments. He also presents arguments supporting his position

---

[2] In its decision the court also observed that there were no "proofs of service" in the file. WISCONSIN STAT. § 227.53(1)(a) provides that within thirty days of service of the agency decision upon all parties (if no rehearing is requested), the petition for judicial review must be filed in the court and served personally or by certified mail on the agency. Section 227.53(1)(c) provides that within thirty days "after the institution of the proceeding," the petition must be served personally, by certified mail, or by a timely admission of service in writing, on each party who appeared before the agency or the attorney of record. However, neither LIRC nor USF Holland argue that there was improper service or that proof of service must be filed. We take this as a concession that the court's decision cannot be affirmed on either of these grounds.

that LIRC erred in finding no probable cause. In response, LIRC contends that the petition "arguably" does not sufficiently state the nature of Jackson's interest, the facts showing he is a person aggrieved by LIRC's decision, and the grounds specified in Wis. Stat. § 227.57 on which he contends the decision should be reversed or modified. LIRC notes that Wis. Stat. § 227.53(1)(b) provides that "[t]he petition may be amended, by leave of court, though the time for serving has expired," and suggests that Jackson should have sought leave to amend his petition after the court dismissed it. USF Holland argues that the circuit court correctly dismissed the petition because it did not meet the three identified requirements in § 227.53(1)(b). In his reply brief, Jackson appears to dispute whether he could have "re-filed" after the court's decision dismissing his petition.

¶ 11. Resolution of the issues raised on this appeal require that we construe Wis. Stat. § 227.53(1)(b) and related statutes. The proper construction of a statute presents a question of law, which we review de novo. *The Landings LLC v. City of Waupaca*, 2005 WI App 181, ¶ 5, 287 Wis. 2d 120, 703 N.W.2d 689.

¶ 12. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably

to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48. If, employing these principles, statutory language is unambiguous —that is, there is only one reasonable meaning—we apply that plain meaning. *Id.*, ¶ 46. On the other hand, if the statutory language is capable of being understood by reasonably well-informed persons in two or more senses, then we may employ sources extrinsic to the statutory text; extrinsic sources are typically items of legislative history. *Id.*, ¶¶ 47, 50.

¶ 13. WISCONSIN STAT. § 227.53 is part of the statutory scheme that addresses the procedure for judicial review of administrative agency decisions. Section 227.53(1)(b) addresses the contents of petitions for judicial review and provides in relevant part:

> (b) The petition shall state the nature of the petitioner's interest, the facts showing that petitioner is a person aggrieved by the decision, and the grounds specified in s. 227.57[3] upon which petitioner contends that the decision should be reversed or modified. The

---

[3] WISCONSIN STAT. § 227.57(4)-(8) provides:

**(4)** The court shall remand the case to the agency for further action if it finds that either the fairness of the proceedings or the correctness of the action has been impaired by a material error in procedure or a failure to follow prescribed procedure.

**(5)** The court shall set aside or modify the agency action if it finds that the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action, or it shall remand the case to the agency for further action under a correct interpretation of the provision of law.

**(6)** If the agency's action depends on any fact found by the agency in a contested case proceeding, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. The court shall, however,

petition may be amended, by leave of court, though the time for serving the same has expired. The petition shall be entitled in the name of the person serving it as petitioner and the name of the agency whose decision is sought to be reviewed as respondent, [with certain exceptions not relevant here.]

Section 227.53(1)(b) (footnote added).

¶ 14. The first sentence of this subsection requires that the contents of a petition meet three requirements. It must state: (1) the nature of the petitioner's interest; (2) the facts showing that petitioner is a person aggrieved by the decision; and, (3) the grounds specified in WIS. STAT. § 227.57 upon which petitioner contends that the decision should be reversed or modified. The plain language of the second sentence authorizes the court to allow an amendment even after the thirty-day time period (running from the date on which the agency decision was served) for serving the petition has passed. *See* WIS. STAT. § 227.53(1)(a) and (c). However, the paragraph is silent on whether the

set aside agency action or remand the case to the agency if it finds that the agency's action depends on any finding of fact that is not supported by substantial evidence in the record.

(7) If the agency's action depends on facts determined without a hearing, the court shall set aside, modify or order agency action if the facts compel a particular action as a matter of law, or it may remand the case to the agency for further examination and action within the agency's responsibility.

(8) The court shall reverse or remand the case to the agency if it finds that the agency's exercise of discretion is outside the range of discretion delegated to the agency by law; is inconsistent with an agency rule, an officially stated agency policy or a prior agency practice, if deviation therefrom is not explained to the satisfaction of the court by the agency; or is otherwise in violation of a constitutional or statutory provision; but the court shall not substitute its judgment for that of the agency on an issue of discretion.

court may dismiss the petition without allowing the petitioner any opportunity to request leave to amend.

¶ 15. The only other provision in WIS. STAT. ch. 227 that addresses amendments to petitions for judicial review is WIS. STAT. § 227.56(3). This subsection addresses amendments relating to only one of the three requirements in the first sentence of WIS. STAT. § 227.53(1)(b)—facts showing that the petitioner is aggrieved:

> **(3)** Within 20 days after the time specified in s. 227.53 for filing notices of appearance in any proceeding for review, any respondent who has served such notice may move to dismiss the petition as filed upon the ground that such petition, upon its face, does not state facts sufficient to show that the petitioner named therein is a person aggrieved by the decision sought to be reviewed. Upon the hearing of such motion the court may grant the petitioner leave to amend the petition if the amendment as proposed shall have been served upon all respondents prior to such hearing. If so amended the court may consider and pass upon the validity of the amended petition without further or other motion to dismiss the same by any respondent.[4]

Section 227.56(3) (footnote added).

¶ 16. In the following sections we address, first, the proper procedure for dismissal of a petition for failure to state facts showing the petitioner is ag-

---

[4] WISCONSIN STAT. § 227.53(2) provides:

> Every person served with the petition for review as provided in this section and who desires to participate in the proceedings for review thereby instituted shall serve upon the petitioner, within 20 days after service of the petition upon such person, a notice of appearance clearly stating the person's position with reference to each material allegation in the petition and to the affirmance, vacation or modification of the order or decision under review.

grieved, and, second, the procedure for dismissal of a petition for failure to state the other two requirements in the first sentence of WIS. STAT. § 227.53(1)(b). For the reasons we explain, we conclude the circuit court was not authorized to employ the procedure it did in dismissing the petition. In the third section we determine that the court erred in its substantive conclusion that the petition, liberally construed, does not meet the three requirements.

I. Procedure for Dismissal of a Petition for Failure to State Facts Showing the Petitioner is Aggrieved

¶ 17. WISCONSIN STAT. § 227.56(3), set forth in paragraph fifteen, provides a specific procedure for a respondent to challenge a petition on the ground that it does not state facts showing that the petitioner is aggrieved. This procedure imposes a time period for bringing such a motion, requires the petitioner to serve a proposed amendment by a specific time in order to have permission to amend, and authorizes the circuit court to decide if the amended petition is valid without a "further or other motion" from the respondent. Under this procedure, the petitioner has notice—through the respondent's motion—of the asserted deficiency in the petition and the opportunity to correct the deficiency if a proposed amended petition is timely made. Because the section specifically describes in the last sentence the circumstances under which a court may dismiss a petition—but only an amended petition—without a motion from the respondent, the only reasonable construction of § 227.56(3) is that the court may not dismiss the original petition without a timely motion

346

from the respondent asserting that the petition does not allege facts showing that the petitioner is aggrieved. ██

¶ 18. Here neither respondent had filed such a motion when the court sua sponte dismissed the petition. We therefore conclude that the circuit court did not have the authority to dismiss the petition sua sponte on the ground that it did not allege facts showing that Jackson was aggrieved.

II. Procedure for Dismissal of a Petition for Failure to State The Nature of the Petitioner's Interest and the Grounds for Modifying or Reversing the Agency Decision

¶ 19. Because WIS. STAT. § 227.56(3) does not address the other two requirements for a petition contained in the first sentence of WIS. STAT. § 227.53(1)(b) —the nature of the petitioner's interest and the grounds specified in WIS. STAT. § 227.57 upon which the petitioner contends the decision should be reversed or modified—we must next decide what procedure the legislature intended when there is a deficiency asserted on these two grounds. As we have already stated, the language of § 227.53(1)(b) plainly authorizes the court to allow an amendment, but is silent on whether the court may sua sponte dismiss the petition without allowing the petitioner any opportunity to request leave to amend. This silence creates an ambiguity and raises two distinct issues: (1) must the petitioner have a reasonable opportunity to amend the petition before it is dismissed on either of these two grounds; and, (2) if the answer to that question is "yes," may the court sua sponte raise the deficiency or must there be a motion from the respondent? On the first issue, we conclude the more reasonable construction of § 227.53(1)(b) is

that it does not authorize a circuit court to dismiss a petition unless the petitioner is first notified of the claimed deficiency and has a reasonable opportunity to request leave to amend. On the second issue, we conclude the more reasonable construction is that the claimed deficiency must be raised by motion of the respondent and may not be raised by the court sua sponte.

## A. Notice and Reasonable Opportunity to Amend

¶ 20. In deciding whether the petitioner must be notified before dismissal of the claimed deficiency and given a reasonable opportunity to request leave to amend, we first examine the statutory language of Wis. Stat. § 227.53(1)(b). The express grant of authority in § 227.53(1)(b) for a court to permit amendments after the time for filing the petition has passed indicates an intent to allow amendments to correct petitions that do not comply with § 227.53(1)(b). In addition, if the circuit court already had the authority to sua sponte dismiss a petition for failure to state facts showing the petitioner is aggrieved, without providing any opportunity to request leave to amend, there would be no need for the last sentence of Wis. Stat. § 227.56(3). *See Kalal,* 271 Wis. 2d 633, ¶ 46 (statutes are to be interpreted reasonably and without surplusage).

¶ 21. Second, we consider the few cases we have found that discuss either Wis. Stat. §§ 227.53(1)(b) or 227.56(3) and conclude that they favor allowing petitioners an opportunity to correct a petition that does not meet the requirements of § 227.53(1)(b). In *Evans v. Wisconsin Department of Local Affairs and Development,* 62 Wis. 2d 622, 215 N.W.2d 408 (1974), the court addressed a petition's failure to comply with the last sentence of § 227.53(1)(b) (formerly contained in Wis.

STAT. § 227.16(1) (1971)): "[t]he petition shall be entitled in the name of the person serving [it] as petitioner and the name of the agency whose decision is sought to be reviewed as the respondent . . . ." The respondent moved to dismiss on this ground and the court granted the motion, stating that this requirement is "jurisdiction[al]." *Id.* at 626. The supreme court reversed. It distinguished this requirement from the service and filing requirements in WIS. STAT. § 227.16(1) (1971), observed that the faulty caption "in no way affected the subject matter jurisdiction [competency][5] of the court

---

[5] The supreme court has more recently explained that subject matter jurisdiction is conferred by the article VII, section 8 of the Wisconsin Constitution, and, in Wisconsin, "no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 8, 273 Wis. 2d 76, 681 N.W.2d 190 (citations omitted).

> [A] circuit court's ability to exercise the subject matter jurisdiction vested in it by the constitution may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction in individual cases . . . . [F]ailure to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction may result in a loss of the circuit court's competency to adjudicate the particular case before the court.

*Id.*, ¶ 9 (citations omitted).

Such noncompliance "is not 'jurisdictional' in that it does not negate the court's subject matter jurisdiction." *Id.* (citations omitted). Not all defects in statutory procedure affect the circuit court's competency to proceed; whether a particular requirement has an effect on the court's competency is a question of statutory construction. *Id.*, ¶¶ 10–11.

In the context of WIS. STAT. ch. 227, the time limits for filing the petition for judicial review have been held to affect the circuit court's competency to proceed. *Currier v. DOR*, 2006 WI

nor the grounds alleged for review," and concluded that the petitioner should have been permitted to amend the caption to comply with the statute. *Id.* at 626–28 (footnote added). It is not clear from the recitation of the facts in *Evans* whether the petitioner requested leave to amend. Regardless, *Evans* reflects the supreme court's view that the circuit court should allow amendments to petitions to conform to requirements in WIS. STAT. ch. 227 that do not affect the court's competency to proceed or personal jurisdiction over the proper agency. *Id.* at 626.

¶ 22. It is true that *Evans* is distinguishable from this case because, as the court noted there, the faulty caption did not affect "the grounds alleged for review," *id.*, whereas the court here found that one of the deficiencies was failure to allege the applicable grounds in WIS. STAT. § 227.57. However, in *Kegonsa Joint Sanitary District v. City of Stoughton*, 87 Wis. 2d 131, 151, 274 N.W.2d 598 (1979), decided after *Evans*, the court treats the requirement of stating grounds for reversal or modification in WIS. STAT. § 227.53(1)(b) (then numbered WIS. STAT. § 227.16(1) (1971)) as one of stating a claim upon which relief can be granted: the court treats this as distinct from challenges to subject matter jurisdiction (competency) and personal jurisdiction. In addition, in *Kegonsa* the court notes that the rule of liberally construing petitions when determining if they state a claim "is . . . consistent with legislative policy in Wisconsin to favor judicial review of administrative

App 12, ¶¶ 6 n.2, 23, 288 Wis. 2d 693, 709 N.W.2d 520. Previously courts used the term "lack of subject matter jurisdiction" to explain the consequences of a failure to comply with the statutory time period for filing a petition for judicial review. *See, e.g., Kegonsa Joint Sanitary Dist. v. City of Stoughton*, 87 Wis. 2d 131, 149–51, 274 N.W.2d 598 (1979).

decisions at the timely instance of any person whose substantial interests are adversely affected." *Kegonsa*, 87 Wis. 2d at 151–52.

¶ 23. In *Milwaukee Co. District Council 48 v. Wisconsin Employment Relations Board*, 23 Wis. 2d 303, 308–09, 127 N.W.2d 59 (1964), the supreme court discussed, although briefly, both Wis. Stat. §§ 227.53(1)(b) and 227.56(3) (then numbered Wis. Stat. §§ 227.16(1) and 227.19(3) (1963)). The agency moved the circuit court to dismiss the union's petition for review on the ground that the petition did not state facts sufficient to constitute a cause of action. *Milwaukee Co. Dist. Council 48*, 23 Wis. 2d at 305. The circuit court dismissed the petition because it did not state facts sufficient to show that the union was aggrieved by the agency's action. *Id*. After quoting § 227.56(3) (then § 227.19(3) (1963)),[6] the supreme court stated:

> In the case now before us the motion to dismiss was not expressly grounded upon failure to state facts sufficient to show that petitioner was aggrieved and directly affected, and hence the form of the motion did not alert the petitioner to the claimed insufficiency and the specified procedure for amendment to cure the defect. As we read the opinion of the learned circuit judge, he has indicated that he would have deemed the petition amended to show the required facts except for his conclusion that the general provisions authorizing amendment [Wis. Stat. § 227.53(1)(b), formerly numbered Wis. Stat. § 227.16(1)] did not apply to amendment to meet a motion to dismiss under sec. [227.56(3)]. Under these circumstances, and since the

---

[6] Wisconsin Stat. § 227.19(3), enacted by 1945 Wis. Laws, ch. 511, § 23 contained the words "and directly affected" after the word "aggrieved." The words "and directly affected" were removed by 1975 Wis. Laws, ch. 414, § 22. This deletion is not significant to our analysis.

petitioner's interest was concededly shown by the record of the proceeding before the board, we conclude that the circuit court erroneously dismissed the petition.

*Id.* at 308–09.

¶ 24. *Milwaukee Co. District Council 48* is instructive because of its holding that the circuit court erred in dismissing a petition for a failure to show a party was aggrieved, in spite of the petitioner's failure to follow the procedure in WIS. STAT. § 227.56(3) for amending the petition, when the agency's record showed the petitioner was in fact aggrieved. This supports the view that a petition that does not show the nature of the petitioner's interest and the ground for relief under WIS. STAT. § 227.57, which requirements are not subject to the special amendment procedures in § 227.56(3), should not be dismissed if the deficiencies in the petition can be corrected.

¶ 25. Third, we consider legislative history. The predecessor to WIS. STAT. § 227.53(1)(b) was included when WIS. STAT. ch. 227 was first enacted by 1943 Wis. Laws, ch. 375. Then numbered WIS. STAT. § 227.16 (1943), it provided in part: "The notice of appeal shall state the nature of the appellant's interest and the grounds of appeal, and may be amended, by leave of court, though the time for appeal has expired."[7]

---

[7] The original enactment of WIS. STAT. ch. 227 did not contain a predecessor to WIS. STAT. § 227.56(3). That was added by 1945 Wis. Laws, ch. 511, § 23, as WIS. STAT. § 227.19(3), and provided:

> [A]ny respondent who has served such notice may move to dismiss the petition as filed upon the ground that such petition, upon its face, does not state facts sufficient to show that the petitioner named therein is aggrieved .... If so amended the court may

352

¶ 26. In a law review article authored by Ralph M. Hoyt, the person who introduced the bill that eventually became Wis. Stat. ch. 227, Hoyt wrote that the purpose of the provision allowing for amendment in Wis. Stat. § 227.16 (1943) was to "afford the appellant every opportunity to get into court . . . so long as he apprises his adversaries of the nature of his grievance at least by the time the appeal comes on for hearing."

> consider and pass upon the validity of the amended petition without further or other motion . . . .

At the same time, the first sentence of Wis. Stat. § 227.16(1) was amended to add "the facts showing that petitioner is aggrieved and directly affected by the decision." 1945 Wis. Laws, ch. 511, § 19.

Ralph M. Hoyt, who introduced the bill that eventually became Wis. Stat. ch. 227, commented in a law review article that the soon to be enacted Wis. Stat. § 227.19(3) (1945) did not appear to be necessary:

> It has already been suggested by counsel for the Public Service Commission that there should be a provision for motions in the circuit court to dismiss appeals where the appellant is claimed to have insufficient interest to authorize the appeal. While the need for such a provision would appear to be doubtful in view of the fact that motions of this kind have always been entertained in the Supreme and Circuit Courts without the aid of any statute [footnote deleted], nevertheless this and other serious proposals for improvement of the act should receive careful consideration by committees of the bar and of the legislature, to the end that in Wisconsin the administration of justice in the field of administrative law may attain the maximum of effectiveness and fairness.

Ralph M. Hoyt, *The Wisconsin Administrative Procedure Act,* 1944 Wis. L. Rev. 214, 239 (1944).

As we have noted in footnote 6 above, the "and directly affected" language was subsequently removed from Wis. Stat. § 227.19(3) (1973), and the same language was removed from Wis. Stat. § 227.16 (1973). 1975 Wis. Laws, ch. 414, §§ 20, 22.

*See* Ralph M. Hoyt, *The Wisconsin Administrative Procedure Act,* 1944 WIS. L. REV. 214, 232 (1944). With respect to the requirement that the petition state the grounds of the appeal, he wrote:

> The provision requiring a statement of the grounds of appeal [in WIS. STAT. § 227.16(1943)] is intended, not as calling for formal pleadings but simply as requiring the appellant to state which of the several grounds on which reversal may be had (as hereinafter discussed) he is relying upon. Here again the statute gives him liberal consideration by authorizing the amendment of the notice of appeal, by leave of court, even after the time for appeal has expired. The aim is to afford the appellant every opportunity to get into court and secure a reversal upon any ground that the statute may countenance, so long as he apprises his adversaries of the nature of his grievance at least by the time the appeal comes on for hearing.

Hoyt, 231–32.

¶ 27. This legislative history supports a construction of WIS. STAT. § 227.53(1)(b) whereby a petitioner has a reasonable opportunity to amend the petition, so long as it is done in a timely manner, to show the nature of the petitioner's interest and the grounds under WIS. STAT. § 227.57 on which the petitioner seeks relief.

¶ 28. Finally, we consider the due process analysis in *State ex rel. Schatz v. McCaughtry,* 2003 WI 80, 263 Wis. 2d 83, 664 N.W.2d 596. In *Schatz,* the supreme court addressed a statute that requires a circuit court to review the initial pleading in a civil action or special proceeding filed by a prisoner and authorizes the court to sua sponte dismiss the pleading, without requiring the defendant to answer, for specified reasons that include the pleading's failure to state a claim upon

which relief may be granted. WIS. STAT. § 802.05(3)(a) and (b).[8] The *Schatz* court noted that the statute did not require the court to give the prisoner litigant notice of an intent to dismiss and an opportunity to be heard prior to exercising its authority under the statute to dismiss for failure to state a claim. *Schatz*, 263 Wis. 2d 83, ¶ 17. The court examined prior case law recognizing that sua sponte dismissal by a court could be valid under the due process clause where the relevant statute provides constructive notice of the potential for such dismissal. *Id.*, ¶¶ 19–21, 30. The court then concluded that § 802.05(3) provided constructive notice because it expressly put prisoners on notice that the circuit court will examine the pleading and has the authority to dismiss without further briefing or hearing if the court determines the pleading failed to state a claim. *Id.*, ¶ 31. The court concluded that this constructive notice, together with post-dismissal procedures available to the prisoner, satisfied the requirements of due process. *Id.*, ¶ 47.

¶ 29. We read the *Schatz* court's analysis of constructive notice via a statute as a critical requirement for due process when there is no actual notice. Unlike WIS. STAT. § 802.05(3), WIS. STAT. § 227.53(1)(b) does not expressly inform a petitioner that the circuit court may sua sponte dismiss a petition for judicial review, without first giving the petitioner any opportunity to be heard or to amend the pleading, if it does not meet the requirements of that section. Thus, construing the statute to permit the circuit court to do so would create a constitutional problem, which we are to avoid if there

---

[8] Supreme Court Order 03–06, § 2, 278 Wis. 2d xii, xiv (eff. July 1, 2005) repealed and recreated WIS. STAT. § 802.05(3) (2003–04) so that it is now located at WIS. STAT. § 802.05(4).

is another reasonable construction. *See Madison Metro. Sewerage Dist. v. DNR*, 63 Wis. 2d 175, 184–85, 216 N.W.2d 533 (1974).[9]

¶ 30. In summary, based on the language of WIS. STAT. § 227.53(1)(b), in light of WIS. STAT. § 227.56(3), the case law discussing these provisions, the legislative history, and the due process analysis in *Schatz*, we conclude the circuit court may not dismiss a petition for judicial review because it does not show the nature of the petitioner's interest or state a ground for relief under WIS. STAT. § 227.57 unless the petitioner has notice of the possibility of dismissal and a reasonable opportunity to request leave to amend the petition. Here, there is no indication in the record that Jackson had notice the circuit court was considering a deficiency in the petition before it dismissed the petition.[10]

B. Motion by Respondent

¶ 31. We next address whether the court may sua sponte, in the absence of a motion to dismiss from the respondent, raise a deficiency in the petition regarding

---

[9] In contrast to WIS. STAT. § 227.53(1)(b), WIS. STAT. § 227.56(3) does give express notice that a circuit court may sua sponte dismiss an amended petition for failure to state facts that show the petitioner is aggrieved, without a further motion from the respondent, when the petitioner has already been put on notice through the respondent's first motion that the petition is deficient and has had one opportunity to amend.

[10] LIRC argues in its brief that Jackson could have requested leave to amend, but does not explain how Jackson was to know that the issue of the petition's adequacy was under consideration by the court.

356

the nature of the petitioner's interest or the grounds for relief. Either procedure is consistent with providing notice to the petitioner of the asserted deficiency and a reasonable opportunity to request leave to amend. We conclude the more reasonable construction of Wis. Stat. § 227.53(1)(b) is that a respondent must raise these deficiencies by motion.

¶ 32. First, the purpose of these pleading requirements is to give the respondent notice of the nature of the petitioner's grievance so that the respondent has a fair opportunity to respond. *See* Hoyt, 231–32, quoted above in paragraph 26. If the respondent decides there is no need for an amendment to the petition on these points before the court establishes a briefing schedule, as LIRC apparently did in this case, we can see no purpose served by the court raising the issue of a deficiency in the petition.

¶ 33. Second, it is unlikely that the legislature intended that a motion from a respondent was required before a court could dismiss a petition on the ground that it did not state facts showing the petitioner was aggrieved under Wis. Stat. § 227.56(3), but intended not to require a motion before the court could dismiss the petition on the other two grounds derived from the first sentence in Wis. Stat. § 227.53(1)(b). The short timeframe for bringing a motion to dismiss under § 227.56(3) and the other procedures in that section indicate that the legislature was particularly concerned with promptly resolving the issue of the petitioner's standing—that is, whether the petitioner was aggrieved. It is not consistent with that purpose to impose a procedure—the respondent moving to dismiss—for that pleading requirement that does not exist with respect to the other two pleading requirements in § 227.53(1)(b). It is more reasonable to construe

357

§ 227.53(1)(b) and § 227.56(3) as contemplating that a respondent must raise any pleading deficiency by motion, but as to a deficient pleading on the petitioner's aggrieved status, there are, in addition, timing and other procedural requirements.

C. Conclusion

¶ 34. The circuit court did not have the authority to dismiss Jackson's petition on the ground that it did not state the nature of his interest or the grounds for relief under WIS. STAT. § 227.57 without a motion from one of the respondents and without providing Jackson with a reasonable opportunity to request leave to amend the petition.

III. Sufficiency of Jackson's Petition

¶ 35. Our conclusions in the preceding two sections require that we reverse the order of dismissal because the court did not have the authority to employ the procedure it did. Whether USF Holland should have the opportunity on remand to move to dismiss the petition[11] depends upon whether the circuit court correctly decided that the petition was deficient under WIS. STAT. § 227.53(1)(b). This presents a question of law, which we review de novo. *See Rainbow Springs Golf Co. v. Town of Mukwonago,* 2005 WI App 163, ¶ 8, 284 Wis. 2d 519, 702 N.W.2d 40 (we review de novo the circuit court's dismissal of a complaint for failure to state a claim).

---

[11] As noted in paragraph 5, LIRC's letter to the court requesting a briefing schedule on the merits indicates that it decided not to move to dismiss the petition.

¶ 36. In analyzing the sufficiency of the petition, we are to look at the petition as a whole in the light most favorable to Jackson to see "if it expressly or by reasonable inference states any cause of action." *Kegonsa*, 87 Wis. 2d at 151. In *Kegonsa* the court decided that a petition for judicial review adequately stated grounds specified in WIS. STAT. § 227.57 (formerly WIS. STAT. § 227.20 (1971)) even though the petition was "far from being a model of legal clarity, coherence and correctness," "[m]uch of its language [was] vague, inflammatory and of no legal consequence," and the allegations in the complaint were "questionable." *Id.* at 151–2. In spite of that, the court concluded, taking the petition as a whole and viewing it in the light most favorable to the petitioner, it did "raise the issue of procedural irregularities and abuse of discretion in the department's treatment of the [petitioner's] application for financial assistance." *Id.* at 151. We conclude Jackson's petition is sufficient under this standard.

¶ 37. It is reasonable to infer from the petition that Jackson is alleging that he was prevented from obtaining a job with USF Holland because he had a prior conviction and that he filed a complaint with DILHR alleging that USF Holland discriminated against him based on a prior conviction in violation of WIS. STAT. § 111.31, which prohibits discrimination on several grounds, including conviction records. It is also reasonable to infer that DILHR made a decision adverse to him. This is sufficient to show the nature of Jackson's interest and that he is aggrieved by the decision. If there were any doubt on this, the record returned by LIRC demonstrates this, and that record is appropriate for us to take into account. *See Milwaukee Co. District Council 48*, 23 Wis. 2d at 308–09.

¶ 38. We also conclude the petition adequately states at least one ground specified in WIS. STAT. § 227.57 upon which Jackson claims the decision should be reversed. It is reasonably clear from the petition that Jackson is challenging LIRC's determination that the circumstances of Jackson's conviction "substantially relate" to the job he applied for. *See* WIS. STAT. § 111.335(1)(c). It is also reasonably clear that at least one basis for Jackson's challenge is that LIRC has expanded the meaning of this statutory provision beyond that intended by the legislature. This sufficiently identifies a ground for reversal under § 227.57(5): erroneous construction of a statute. There is no requirement that Jackson cite to the ground in § 227.57 on which he is relying or use the language of that statute. *See Kegonsa*, 87 Wis. 2d at 151–152.

¶ 39. Because we conclude Jackson's petition adequately fulfills the three requirements of the first sentence of WIS. STAT. § 227.53(1)(b), there is no purpose in allowing USF Holland, on remand, to move to dismiss on the grounds that it does not.

¶ 40. We reverse and remand to the circuit court for it to conduct such further proceedings as are appropriate and consistent with this decision.

*By the Court.*—Order reversed and cause remanded with directions.